**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony CACACE, Defendant-Appellant.**

**No. 75–3647.**

United States Court of Appeals, Fifth Circuit.

April 8, 1976.

Rehearing Denied May 19, 1976.

Edward A. Nagel, Orlando, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William F. Duane, Harrison T. Slaughter, Jr., Asst. U. S. Attys., Orlando, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, TUTTLE and GEE, Circuit Judges.

PER CURIAM:

Appellant, convicted of conspiring to distribute cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1), 846 (1970), challenges the lower court's refusal to suppress intercepted wire communications. He complains that the affidavit of application securing the wiretap authorization failed to comply with the federal and state statutory requirement that the affidavit include a

> full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

18 U.S.C. § 2518(1)(c) (1970); Fla.Stat. § 934.09(c) (1973).

 But the affidavit details why other investigative techniques appear both unlikely to succeed and dangerous.[1] Furthermore, since we must read § 2518(1)(c) in a "common sense fashion" to effectuate the congressional purpose of granting some investigative discretion, *see* *United States v. Robertson,* 504 F.2d 289, 293 (5th Cir. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1568, 43 L.Ed.2d 778 (1975), we find that the affidavit complies in both letter and spirit with the statute.

AFFIRMED.

---

1. The most relevant portion of the affidavit reads:

> The residence . . . is situated in such a way that *a stationary surveillance of said residence is practically impossible without the surveillers being readily observed* by Phil Claville and other individuals who occupy the residence, being that the residence is surrounded on three sides by trailers in the Tropical Manor Trailer Park, which affiant believes if any residents of the trailers are contacted, *it may jeopardize investigative process, due to the absence of any reliability or trustworthy factors of any residents in the general area.* In addition, across the street on the west side of the road, is a riverbank with no houses and just enough space to park a vehicle, which would be completely and utterly readily obvious to Claville and/or other residents of that house.

> A search for further confidential sources to try and infiltrate *Claville's operation has met with negative results, and no feasible plan of investigation can be initiated* to infiltrate, surveil, or otherwise break into the illegal narcotics and dangerous drug trafficking operation at this time or *any time in the forseeable future.* In addition, it has been noted on loose surveillances by affiant that *Claville and other individuals who frequent that residence maintain a constant vigilance for any surveillance teams in the area.* In addition, based on the report of confidential source and their intricate investigation of him and countersurveillance measures, *this application for telephone intercept is the only possible way* that a major drug and narcotics trafficking ring can be legally neutralized at this time.

> (emphasis added).