DAUKSCH, Judge,
dissenting.
I must respectfully dissent. My reading of the affidavit in support of the order authorizing interception of oral (sic) communications (telephone wiretap) leads me to find it is insufficient to permit the tap. The last hard information concerning the telephone to be tapped was 31 days before the tap was authorized to commence. In my opinion it was stale information. Rodriguez v. State, 297 So.2d 15 (Fla.1974). The fact the affiant attempted to freshen his information by having some “reliable” confidential informant tell him that illegal activity was still being conducted through the subject telephone some 3 days before the application and order for wiretap is not sufficient because the confidential informant is not shown to be reliable. Spinelli v. U. S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Additionally, I do not feel the affidavit sufficiently complies with Section 934.09(l)(c), Florida Statutes. The pertinent portion of the affidavit which attempts to comply with this requirement is:
“(7) Pursuant to Section 934.09(l)(c), Florida Statutes, a full and complete statement of why other investigative procedures reasonably appear unlikely to succeed are listed in the following:
(a)Because the physical surveillance of the organization, without the assistance of court authorized wire or oral interception, produces information which is repetitious and incomplete, the continued use of said technique unassisted by interception, places the investigation in jeopardy of discovery by the persons being surv-eilled, with little or no chance of successful conclusion.
(b) This operation is conducted primarily on a telephone located inside a private residence which provides no vantage point for the physical observation of the suspected illegal activities.
(c) Because of the high level placement of the above operation, in the stratum of illegal wagering operations, there is no possibility of identifying the other unidentified conspirators without the authorizations for interception of wire or oral communications.”
These statements are characterized by appellant as boilerplate recitations. I should say they are suspicions or conclusions not supported by facts. U. S. v. Kerrigan, 514 F.2d 35 (9th Cir. 1975); U. S. v. Cacaee, 529 F.2d 1167 (5th Cir. 1976). I should reverse the order denying the motion to suppress the evidence seized as a result of that wiretap.