Anthony **CACACE**, Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

No. 78–1511

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 8, 1979.

Anthony Cacace, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William F. Duane, Asst. U. S. Atty., Orlando, Fla., for respondent-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Anthony Cacace was convicted on a one-count indictment of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846. On direct appeal he asserted that an affidavit of application securing wiretap authorization did not comply with 18 U.S.C. § 2518(1)(c). This court found compliance and affirmed the conviction. *United States v. Cacace,* 5 Cir., 529 F.2d 1167, *cert. denied,* 429 U.S. 841, 97 S.Ct. 115, 50 L.Ed.2d 109 (1976). Cacace now appeals from the denial of his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. We find no merit in his contentions and affirm.

Cacace primarily contends that he was denied due process because the jury was allowed to consider two overt acts (of the six listed in the indictment) as to which the Government produced no proof at trial. In addition, he contends that he was denied due process because of confusing instructions which allowed the jury to consider overt acts not involving the defendant and thus not listed in the indictment, which specified only acts done by Cacace.

Those contentions lack merit for the reason that under the conspiracy statute involved here, 21 U.S.C. § 846, the Government was not required to prove any overt act. Proof of the conspiracy and of Cacace's participation in it was all that the statute required for a conviction. *See, e. g., United States v. Palacios,* 5 Cir., 1977, 556 F.2d 1359, 1364 n.9; *United States v. Beasley,* 5 Cir., 1975, 519 F.2d 233, 247, *vacated and remanded on other grounds,* 425 U.S. 956, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976). *Cf. United States v. Thomas,* 5 Cir., 1976,

567 F.2d 638, 641 (treating 21 U.S.C. § 963).[1] The jury in this case was properly instructed on the basic conspiracy element of the offense and clearly concluded by its guilty verdict that Cacace had participated in a conspiracy violative of 21 U.S.C. § 846. Because proof of an overt act was not required, the alleged deficiencies in regard to such proof do not result in a denial of due process. The fact that the Government listed overt acts in the indictment and the fact that the court instructed the jury under the assumption that proof of an overt act was required did not in any way prejudice Cacace. If anything, the perceived necessity for proof of an overt act inured to his advantage. *See United States v. Thomas, supra* at 641. Certainly the error did not constitute a denial of due process or other defect of constitutional stature as required for post-conviction relief under 28 U.S.C. § 2255. Hence, the denial of appellant's section 2255 motion is affirmed.

AFFIRMED.

---

1. 21 U.S.C. § 846 provides:

   Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

   In contrast, 18 U.S.C. § 371, the general conspiracy statute, explicitly requires proof of an overt act in furtherance of the conspiracy as an element of the offense. That section provides, in pertinent part:

   If two or more persons conspire . . . to commit any offense against the United States . . ., and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.