**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Millis CADY, Arnold Clay Melton and Phillip Irving Goodman, III, Defendants-Appellants.**

No. 81–1015

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

July 17, 1981.

Rehearing Denied Sept. 15, 1981.

Burnett & Ahders, Associated, Warren Burnett, Odessa, Tex., for defendants-appellants.

Jimmy L. Tallant, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

The appellants, pilot and pick-up men in an airborne marijuana smuggling operation,

were convicted of and sentenced for federal drug offenses at a bench trial, conducted on stipulated evidence. On this appeal they complain that most of this evidence should have been suppressed on their motion, filed and denied before the stipulation was made. Their points for reversal are founded on circumstances surrounding the installation and monitoring of an electronic beacon, or beeper, on their aircraft. By its use they were located and caught redhanded.

Appellants contend that the installation of the beeper, an act that required physical entry of the aircraft, was an act sufficiently intrusive as to be deemed a search. This is not certain,[1] but for purposes of argument we shall assume it. If so, the search was authorized by a validly issued warrant based, as appellants do not dispute, on probable cause.

The court below found that the two appellant pick-up men, who were merely meeting the aircraft, lacked standing to challenge the beeper installation or monitoring. These appellants attack that finding before us. Since, however, the convicted pilot's standing to make that challenge is not disputed, we need not decide this issue either: his complaint requires discussion of the last point urged for reversal, and our disposition of it decides the appeal.

Appellants' final claim is that the warrant in question is invalid in its entirety as not specifying a reasonable time limit on the monitoring that it authorizes.[2] The overall time specified in the warrant, both for installation of the beeper and for monitoring it after installation, is 90 days, a period that appellants claim is unreasonable. In the actual event, the beeper was installed within hours of the warrant's issuance, and the appellants were caught within 17 days of it. Appellants invite us to focus exclusively on the 90-day authorization period specified in the warrant, ignoring the actual authority exercised under it.[3] The suggestion is an appealing one but, we conclude, too exquisite for a real world of dope smuggling and law enforcement. We think a two-stage approach more realistic and appropriate.

The fourth amendment is our sole guide and concern here. It is too familiar to require citation that resistance to the issuance of general warrants, unrestrained as to persons, times, or places, supplied much of the incentive for its adoption. Did we contemplate in this case an authorization, unlimited as to even one of these factors— time—or of such duration as to be unlimited as a practical matter, we might well adopt the suggested analysis and declare any action taken pursuant to it invalid.

We do not, however, and since we do not, we scrutinize for reasonableness the authority actually exercised under it, not that which was not.[4] Seventeen days within which to locate a movable conveyance, to enter it surreptitiously and install a beacon, and to monitor its movements by means of the beacon's transmissions is clearly not an unreasonable time allowance or one within which the probable cause underlying the

1. *See United States v. Johnson*, 431 F.2d 441 (5th Cir. 1970) (en banc) (warrantless entry of vehicle by unlocked door, to view identification number on side panel).

2. If, as is suggested by *United States v. Michael*, 645 F.2d 252 (5th Cir. 1981) (en banc), the mere monitoring of a beeper is not a search at all—a suggestion specifically adopted by the seven specially concurring judges—then this point is meritless. The government does not clearly so contend, however. Nor does the government contend, as well it might have, that the reasonable good faith of these police officers, who obtained a warrant and complied with its terms explicitly, would insulate the evidence in question from suppression. *United States v. Williams*, 622 F.2d 830 (5th Cir. 1980)

(en banc). We therefore determine to decide the case as it is briefed.

3. The argument is trenchantly expressed: "Warrants are the authorizing instruments for searches. They are, in a sense, like statutes, and if the warrant contains a fatal defect, then [any] action taken pursuant to that warrant is also defective."

4. To adopt the rule suggested by appellants would, for example, conduce to such rulings as one invalidating the search of place A, authorized under a warrant that also authorized the search of place B, on a showing that probable cause was lacking to support the authorization to search place B.

warrant became stale. This was the authority exercised here. We are not called on to decide, and we do not decide, whether an exercise on the seventieth day, or the ninetieth day, of the authority granted would have been an unreasonable search—if search it be.

AFFIRMED.