No. 81–112. MICHAEL *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. 

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE POWELL join, dissenting.

The District Court in this criminal case sustained petitioner's motion to suppress on the ground that the evidence in question was obtained by Drug Enforcement Administration agents with the aid of an electronic tracking device or "beeper" which was installed on the exterior of petitioner's rented van and for which no warrant was obtained.

Without reaching the issue of whether the installation of the device was a search or seizure under the Fourth Amendment, the Court of Appeals, en banc, in a 16-to-8 decision, concluded that the installation was permissible even if it were assumed to constitute a search. 645 F. 2d 252 (1981). It held that reasonable suspicion is adequate to support warrantless installation of a beeper because of the limited expectation of privacy in an automobile, because the intrusion occasioned by the placement of the beeper is minimal, and because the important Government interest in eliminating il-

legal drug manufacture outweighs the slight infringement of any expectation of privacy.

Courts of Appeals are divided on the legality of a warrantless installation of a beeper. The First Circuit has held that no warrant is required for the attachment and monitoring of beepers but that probable cause must exist to justify the intrusion. *United States* v. *Moore*, 562 F. 2d 106 (1977). The court saw no merit in the Government counterargument that a lower standard was justified because the case involved a dangerous drug which the public would not want to go undetected. The Sixth Circuit requires a warrant and probable cause for the installation of a beeper. *United States* v. *Bailey*, 628 F. 2d 938 (1980).*

Despite these conflicts, the Solicitor General opposes the petition, arguing that if petitioner is acquitted following a trial on the merits, his claims will be moot. But this would leave the conflicts among the Circuits unresolved, conflicts that are now ripe for our attention. Where there is an important and clear-cut issue of law which is fundamental to the further conduct of the case and which would otherwise qualify as a basis for certiorari, interlocutory status need not preclude review. See *United States* v. *General Motors Corp.*, 323 U. S. 373, 377 (1945); *Gillespie* v. *United States Steel*

---

*When JUSTICE REHNQUIST, acting in his capacity of Circuit Justice, denied a motion for a stay in a case from the Ninth Circuit raising this issue, he observed that "in all probability this Court may eventually feel bound to decide whether Government agencies must have probable cause to install tracking devices on motor vehicles" because "the question is an important and recurring one." Thus JUSTICE REHNQUIST thought that the Court would grant certiorari if "such an action would appear to offer the strong likelihood of deciding an issue on which a square conflict exists." *Miroyan* v. *United States*, 439 U. S. 1338, 1342–1343 (1978). With this case the square conflict has emerged.

Other Circuits have reserved the issue because judicial authorization, consent, or exigent circumstances justified the installation. *E. g.*, *United States* v. *Chavez*, 603 F. 2d 143, 145–146 (CA10 1979); *United States* v. *Bruneau*, 594 F. 2d 1190, 1194 (CA8 1979).

*Corp.*, 379 U. S. 148, 153 (1964); *Land* v. *Dollar*, 330 U. S. 731, 734, n. 2 (1947); *Larson* v. *Domestic & Foreign Commerce Corp.*, 337 U. S. 682, 685, n. 3 (1949).

This is such a case. The law of the Fifth Circuit is now settled. The announced rule will influence, if not determine, the disposition of this case. More importantly, granting certiorari will enable us to resolve the clear conflicts in the Circuits over the use of beepers. This case presents the very set of facts necessary to decide whether warrantless installation of such devices is permissible and, if so, whether reasonable suspicion is adequate justification. Here DEA agents did not have probable cause to support warrantless installation. The panel opinion stated that "only reasonable suspicion existed—at the time the beeper was installed—to believe that the defendant was connected with the criminal activity of another suspect (for whom probable cause did exist)." 622 F. 2d 744, 745 (1980) (footnote omitted). The en banc court agreed, but found such a level of suspicion to be adequate. 645 F. 2d 252 (1981).

Failure to exercise our jurisdiction at this time will not resolve this recurring issue or enhance the factual record. I would grant the petition.