UNITED STATES of America,
Plaintiff-Appellee,

v.

Willem Michell KUPPER and Duane
Conrad Goode,
Defendants-Appellants.

No. 81–2489
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1982.

Anna Stool, John M. Potter, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Kupper and Goode bring this appeal challenging their convictions for violation of 21 U.S.C. § 846 (conspiracy to possess) and 21 U.S.C. § 841 (possession with intent to distribute marijuana). Each was sentenced to five years' imprisonment for conspiracy to possess and five years and a special parole term of three years for possession with intent to distribute. The sentences were to run concurrently. Two grounds are asserted as the basis for appeal: (i) the trial court erred in denying their motion to suppress the evidentiary fruits obtained by means of an electronic surveillance device installed within the interior of an aircraft and (ii) the evidence was insufficient to sustain Kupper's conviction. Finding that the trial court was correct in denying their motions to suppress valuable and reliable evidentiary fruit and that the evidence so obtained was sufficient to sustain Kupper's conviction, we affirm.

## I.

### Facts

The facts in this case are intricate and complicated. The salient facts are worthy of disclosure; others, not germane either to our decision or its rationale, we are content to let rest on the cold pages of the transcript and the parties' briefs.

The electronic surveillance device involved in this case is more commonly referred to as a "beeper." Here it was used, not as a listening tool, but a tracking device. This beeper was installed within the interior of a small CESSNA 206 aircraft (No. N–8636Z).[1] Permission to install the

Robert G. Turner, Houston, Tex., for Kupper.

Edward A. Mallett, Houston, Tex., for Goode.

---

1. This case does not present a still undecided issue in our Circuit: whether the installation of

an electronic beeper to the interior of an aircraft is a "search" within the meaning of the

beeper within the aircraft was obtained from a United States magistrate who found that federal authorities had probable cause to place this beeper inside the plane. The permission granted was based upon an affidavit sworn to by a Drug Enforcement Administration (DEA) agent, Louis Richenberger. The DEA agent informed the magistrate of several things which we summarize below.

1. The DEA began an investigation which began in 1980 when an aircraft crash landed in a field near Edroy, Texas. County sheriffs found marijuana debris on the plane.

2. The pilot of the aircraft was Goode, and, as a result, he was placed under continuous surveillance by federal authorities.

3. Goode was seen at Andrau Airpark having the CESSNA 206 refueled, removing the rear seats of the aircraft and placing them in a Pontiac, and then placing eight or more full five-gallon fuel cans in the aircraft in violation of federal aviation regulations.

4. Upon leaving the airport in the aircraft, Goode was visually followed by authorities until the aircraft crossed the United States-Mexican border.

5. Authorities did not see the aircraft land or clear Mexican customs, but observed that the aircraft continued on in a southerly direction at a high altitude.

6. The pilot of the aircraft had not filed a flight plan before leaving the United States for a foreign country as required by law.

7. The aircraft did not report for inspection by Customs officials upon its return from a foreign country.

8. A source named "Bill" (otherwise unidentified) informed DEA agents that Goode was smuggling marijuana into the United States and involved with several prominent figures in the drug culture including, Willem Kupper, a known cocaine violator. The informant provided telephone numbers, names, and addresses and small details of the drug figures' living arrangements and lifestyles. DEA records confirmed this information.

On the basis of all this information which was derived from official investigation as well as an unidentified source, authorities concluded that Goode was involved in a marijuana smuggling operation and, in order to confirm their conclusions and enforce the law, they sought *court approval* to place the beeper inside the aircraft piloted by Goode. Believing that *probable cause* existed in which to grant permission to place the beeper inside the CESSNA 206, the magistrate issued a limited order [2] authorizing

Fourth Amendment. We have broached the question in *United States v. Cady,* 651 F.2d 290 (5th Cir.1981) *cert. denied,* 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982) where we assumed without deciding that the installation of a beeper on an aircraft was an act sufficiently intrusive as to be deemed a search. In *United States v. Flynn,* 664 F.2d 1296 (5th Cir.), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982), we decided that the beeper "search" there (also obtained on the basis of probable cause) "met the most stringent of Fourth Amendment standards—namely, probable cause. Significantly, Kupper and Goode do not liken this case to *United States v. Michael,* 645 F.2d 252 (5th Cir.) (en banc), *cert. denied,* 454 U.S. 950, 102 S.Ct. 489, 70 L.Ed.2d 257 (1981) where we held that the warrantless placement of a beeper on the exterior of a vehicle did not violate the Fourth Amendment. Our case today raises only the issue of whether the magistrate had probable cause to issue his order authorizing the placement of the beeper

in the interior of the aircraft. As is developed in the opinion, we find that he did.

2. The court found that there was probable cause to believe that Goode and "others yet unknown" were committing violations of United States drug laws, and that there was reason to believe that an electronic surveillance device would assist the authorities in uncovering this operation. Relevant portions of the Order stated that:

1. Special Agents of the Drug Enforcement Administration, Department of Justice, and/or U.S. Customs personnel be ordered to install and maintain in Aircraft N–8636Z presently located within the Southern District of Texas, an electronic tracking device to aid in the surveillance of the aircraft and determine the direction and location of the aircraft being used in the above described offenses.

2. Continue the use day and night of such electronic tracking device as a surveillance

DEA agents and Customs personnel to install and maintain the beeper within the aircraft until the conclusion of the investigation or 30 days from the date of the Order. The Order was dated June 23, 1981.

The electronic tracking device was subsequently installed inside the aircraft while it was parked at Andrau Airpark in Houston, Texas. On June 29, 1981, Goode and the CESSNA 206 were observed at the Robstown Airport in southern Texas. On June 30, 1981, Customs officials saw a large brown box loaded on to the aircraft which then left the Robstown Airport. Later that night officials went to Edroy, Texas, about 15 miles from Corpus Christi, where they saw a Ford pickup truck with a load of marijuana and a 1973 brown Oldsmobile in a cotton field. There were three pieces of tinfoil lying on both sides of the strip along with portable lanterns, lamps, and flashlights laying on either side of the field.

The officers observed a helicopter and an airplane taking off on the airstrip. Radar equipment followed the aircraft from the Corpus Christi area. A federal officer saw the aircraft land at Edroy and go over to the Ford pickup truck. The helicopter followed it. Once the helicopter was on top of the aircraft, the federal officer saw the aircraft take off from Edroy. The aircraft was followed and officers observed it land at the Jackson County Airport near Edna, Texas. Officers landed at the Jackson County Airport shortly after the aircraft. They went over to the aircraft and marijuana debris was found on the carpet. Sniff dogs were used to search the area. Goode was found in the area and brought back to the airport on the next day.

After being advised of his *Miranda* rights, Goode confessed to bringing in 500–600 pounds of marijuana on the aircraft in which the officers had observed. On the following day, July 1, 1981, Kupper was arrested one and one-half miles from the makeshift airstrip at Edroy, Texas. He appeared tired and fatigued. He was shirtless and in bluejeans. He had come up from a cotton patch along side the road. When the officers went toward him, he immediately raised his hands and told them that he was the guy they were looking for. He was arrested. DEA laboratory reports disclose that the fingerprints of Goode and Kupper were found on the tinfoil which surrounded the airstrip at Edroy, Texas. Kupper's fingerprints were also found on the rearview mirror of the Ford pickup truck which had been abandoned at Edroy, Texas.

## II.

### *Lack of Probable Cause Claim*

Kupper and Goode assert on appeal that the magistrate erroneously issued the order to place the CESSNA 206 under surveillance. They complain that the magistrate did not have probable cause to issue the order to place the beeping device on the aircraft because the information contained in the DEA officer's affidavit was conclusory, unreliable, and stale. We reject each of these contentions.

We emphasize at the outset that the appellants have a considerable burden in seeking to overturn the magistrate's determination of probable cause. In *United States v. Long,* 674 F.2d 848, 852 (11th Cir.1982), our sister circuit stated that the appellant in that case had a "difficult task in trying to overturn the order." *Long* was a case with remarkably similar facts to this one. One of the appellants in that case contested the validity of a court order authorizing the installation of a transponder on his airplane. The court held that the magistrate's order finding that probable cause existed was not arbitrary.

aid in operation until the electronic device leads to the ultimate destination and location where aircraft N–8636Z enters and lands in the United States with a cargo of marijuana or other contraband.

IT IS FURTHER ORDERED that this authorization to install and monitor an electronic tracking device as a surveillance aid must terminate upon the conclusion of the investigation of the above offenses, or in any event, at the end of thirty (30) days from the date of this Order.

■ The magistrate is entitled to exercise considerable judgment as to whether the facts alleged in the affidavit are sufficient to constitute probable cause for the issuance of his order. We stated in *Bastida v. Henderson,* 487 F.2d 860 (5th Cir.1973) that "he must act on the entire picture disclosed to him, he is entitled to use his common sense, and ... when this is done his determination is conclusive in the absence of arbitrariness." *Id.* at 863. (citations omitted). Thus, the magistrate's determination must be construed in light of the entire circumstances and set of facts before him when the order was issued. In view of this requirement, we have no difficulty in concluding that the magistrate's order in this case finding probable cause was not arbitrary.

■ Our conclusion that the magistrate's order which granted the government permission to install the beeper is consistent with the spirit and the letter of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) (an affidavit supporting a request for a search warrant must provide a sufficient basis for a finding of probable cause) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (where informant's tip in an affidavit is a necessary element in finding probable cause it must be supported by other indicia of reliability). The order issued was based on several things, not just the information received from an unidentified source. The government had pursued its own investigation for nearly one full year prior to the communication from the unidentified informant. The investigation had resulted in a valid law enforcement determination that illegal activities were underway. The affidavit was two full pages with 16 paragraphs. Several of the paragraphs were devoted to summarizing what the government's surveillance of Goode and the CESSNA 206 had produced. Detailed facts, apart from any information provided by the

informant, and descriptions of Goode's activities were set forth in the affidavit. Inclusion of this information alone would have been enough to warrant issuance of the order to place the beeper inside the CESSNA 206. To require anything more than the probable cause that existed here would place an unduly harsh burden on drug enforcement officers, *see Spinelli v. United States, supra,* 393 U.S. at 419, 89 S.Ct. at 590, and would significantly undermine their legitimate and good faith efforts to follow procedural law and uncover crime. *See United States v. Williams,* 622 F.2d 830, 840–47 (5th Cir.1980) (en banc).

The affidavit described a continuing pattern of criminal conduct, the investigation of which began April 17, 1980. Appellant Goode was observed engaging in suspicious activities on several different occasions. The CESSNA plane which crash landed contained marijuana debris on it. The entire operation took place between southern Texas and Mexico, a region well known for its drug importation potential. Phone numbers and addresses provided by the unidentified informant were corroborated by DEA records. Known drug and narcotics dealers were alleged to be associated with Goode in the drug smuggling operation. On his various missions in and out of the United States and into Mexico, Goode failed to file a flight plan when leaving the United States as required by law.[3]

In view of the foregoing, it cannot be seriously maintained that the magistrate's order authorizing installation of the beeper was in any way arbitrary.

### III.

*Sufficiency of the Evidence Claim (Kupper)*

■ Kupper argues that the evidence was insufficient to sustain his conviction for conspiracy to possess and possession with

---

**3.** Kupper and Goode attack this statement in the affidavit. They assail this statement by arguing that the affiant's statement "makes no mention of whether a verbal flight plan was radioed either to the United States or Mexican authorities." This argument does not persuade. The record is silent as to whether a verbal flight plan was radioed to U.S. and Mexican officials. Interestingly, Kupper and Goode do not contend that one was so filed.

intent to distribute marijuana. We disagree. A criminal conspiracy requires an agreement between two or more persons, and an overt act by one of the conspirators to further the agreement. *United States v. White,* 569 F.2d 263 (5th Cir.1978) *cert. denied,* 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 149 (1979); *United States v. Khamis,* 674 F.2d 390, 392 (5th Cir.1982). However, under the provisions of the drug conspiracy statute involved in this case, it is not necessary that an overt act be alleged or proved. *United States v. Rosado-Fernandez,* 614 F.2d 50, 53 (5th Cir.1980); *Cacace v. United States,* 590 F.2d 1339, 1340 (5th Cir.1979). Agreement among conspirators may be proven not only by direct evidence but also by circumstantial evidence. *U.S. v. Warner,* 441 F.2d 821, 830 (5th Cir.) *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971), and the evidence must establish that each conspirator knew of the conspiracy, intended to join it, and participated in it. *United States v. Malatesta,* 590 F.2d 1379 (5th Cir.) (en banc), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979); *United States v. Avila-Dominguez,* 610 F.2d 1266, 1271 (5th Cir.1980) *cert. denied,* 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980). And, of course, a bedrock principle of law is that when viewing sufficiency of evidence claims on appeal the evidence must be viewed in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

We do not have to stretch too long to find that the evidence is quite sufficient to support both Kupper's conspiracy and possession conviction. Kupper and Goode were well acquainted with one another. Goode confessed to importing 500–600 pounds of marijuana into the United States. A day after Goode was apprehended, Kupper's fingerprints were found on the tinfoil used at the makeshift airport near Edroy, Texas where the CESSNA 206 landed. Kupper's fingerprints were also found on the rearview mirror of the pickup truck that was abandoned full of marijuana at the site of the makeshift airport. Indeed, there were several boxes of marijuana in

the Ford pickup truck. Kupper was arrested on the same day that this evidence was found only one and one-half miles away from that makeshift airport. He appeared fatigued and dirty, and when he saw the officers he, immediately raised his hands and told them that he was the man that they were looking for. Thus, the evidence is clearly sufficient to support a conviction on both charges.

In sum, the evidence reveals that Kupper knew of the conspiracy to possess and distribute marijuana and participated in it. His fingerprints were all over the place. That is not circumstantial evidence, it is direct evidence and clearly sufficient to sustain Kupper's conviction. There is no question but that Goode had possession of the marijuana and confessed to importing it. Kupper and Goode were parties to a conspiracy. One party to a continuing conspiracy may be responsible for a substantive offense committed by a co-conspirator in furtherance of the conspiracy even though that party does not participate in the substantive offense or have knowledge of it. *U.S. v. Rosado-Fernandez,* 614 F.2d at 53; *United States v. Michel,* 588 F.2d 986, 999 (5th Cir.1979).

## IV.

### *Conclusion*

Because we do not find that the magistrate's issuance of the order was arbitrary, we must uphold the validity of his order under review here. The order was limited in duration. The affidavit upon which the order was issued contained adequate and pertinent information derived from the government's independent investigation of the activities of one of the conspirators and was sufficiently independent of the information received from the informant. In light of these circumstances, the decision to grant the government permission to install the beeper was correct. Likewise, the evidence to sustain Kupper's conviction for conspiracy to possess and possession with intent to distribute marijuana must also stand. Our review of the evidence reveals

that there was both direct and circumstantial evidence to sustain his conviction. The judgment below was correct in all respects.

AFFIRMED.