492 So.2d 693 (1986)
Daniel Elias JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-172.
District Court of Appeal of Florida, Fifth District.
July 3, 1986.
Rehearing Denied August 11, 1986.
William N. DeCarlis, Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from an order denying his motion to suppress evidence, following the entry of a plea of nolo contendere to a charge of trafficking in cannabis, specifically reserving his right to appeal the dispositive order. The narrow issue in the case is whether an electronic beeper, by means of which the police tracked defendant's airplane, was legally installed inside the airplane. We hold that the beeper was installed in violation of defendant's Fourth Amendment rights and reverse.
Having learned from a confidential informant that defendant was planning to fly his Cessna 310 airplane to Jamaica to bring in a load of marijuana, an Ocala police officer applied to the circuit judge for an order "for climbing upon or crawling under *694 the aircraft and attaching a Transponder Radar Tracking Device[1] to it ... for the limited purpose of tracking said aircraft." Finding probable cause, the court issued its order authorizing any Ocala police officer or United States Customs officer "to enter upon or under said ... Cessna ... aircraft... for the purpose of installing a Transponder Radar Tracking Device on or under said described aircraft."[2]
Relying on this order, the officers entered the airplane, removed the transponder with which the airplane was equipped (which was pilot-activated), and replaced it with one which would activate itself automatically while the plane was in flight. In addition, one of the officers crawled to the rear of the airplane interior, removed a panel, installed an electronic beeper and then replaced the panel so that the beeper was concealed. The beeper was an electronic device that emitted a radio signal when the plane was in flight. As fate would have it, when the airplane departed, the newly installed transponder failed to operate, but the officers were able to monitor the movement and return of the aircraft by means of the electronic beeper. The State and the defendant have stipulated
that if the beeper in the tail of the aircraft was illegally installed, contrary to the provisions of the Florida Constitution and the Constitution of the United States of America, then the surveillance and seizure of the aircraft, its occupants and contraband was illegal. Further, the STATE would stipulate that absent the aforesaid surveillance and seizure, the STATE has no case whatsoever to present against the Defendant.
We conclude that the removal of the panel and the placing of the beeper in the tail section of the interior of the aircraft was tantamount to an illegal entry and beyond the scope of the warrant, so that any evidence secured as a result thereof must be suppressed. The Fourth Amendment to the United States Constitution protects individuals from violation of their legitimate or reasonable expectation of privacy. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Although there is a diminished right of privacy in a motor vehicle, United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and by analogy, in an airplane, United States v. Reyes, 595 F.2d 275 (5th Cir.1979), nevertheless, a search even of an automobile [and thus of an airplane] is a substantive intrusion into the privacy rights of its owner. See Raettig v. State, 406 So.2d 1273 (Fla. 1st DCA 1981).
The State concedes appellant's standing to assert his Fourth Amendment claim and further concedes that appellant exhibited a reasonable expectation of privacy by tying down the aircraft in an area not accessible to the general public. The State attempts to justify the placement of the beeper on two grounds: 1) the good faith exception to the warrant requirement espoused in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); and 2) that the order which, although specifically authorizing the installation of a "a Transponder Radar Tracking Device," actually authorized the installation of several devices. Neither argument has merit. In Leon, the officers complied with the terms of the warrant, which was later determined to be improperly issued. The Supreme Court refused to invalidate the search because the officers relied upon and complied with a warrant which they, in good faith, believed was valid. Here, by installing a device not authorized by the warrant, the officers went beyond the terms of the warrant. As to the State's second argument, that authorizing the installation of one specifically *695 designated device authorizes the installation of two or more, is so obviously devoid of merit as to require no discussion.
The federal case which comes closest to supporting the State's position is United States v. Butts, 729 F.2d 1514 (5th Cir.), cert. denied, 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984) (Butts II). In Butts I, 710 F.2d 1139 (5th Cir.1983), a panel of the court suppressed evidence found in defendant's airplane which had been tracked by an electronic beeper, installed pursuant to a warrant, but which had been allowed to remain in the airplane beyond the time specified in the warrant. In Butts II, the en banc majority of the court reversed the panel decision and held that the failure to remove the beeper for two days past the time limit specified in the warrant was a minimal intrusion which society was not prepared to recognize as unreasonable. Butts II is distinguishable from the case before us, because there, the beeper was legally installed in the first instance and the court focused on the act of monitoring the beeper, which it held not to be a search or a seizure. The dissent astutely points out that the physical presence of the device in the zone of privacy required the court's attention. 729 F.2d at 1521 (Goldberg, J., dissenting).
Sub judice, we focus not on the act of monitoring, but on the illegal and unjustified intrusion into what even the State concedes is the defendant's reasonable expectation of privacy in the interior of his aircraft. The warrant did not authorize the officers to remove a panel in the tail section of the airplane and conceal a beeper there. This fact alone distinguishes this case from United States v. Michael, 645 F.2d 252 (5th Cir.), cert. denied, 454 U.S. 950, 102 S.Ct. 489, 70 L.Ed.2d 257 (1981) where the court approved the monitoring of the movement of defendant's van through a warrantless beeper installed on the outside of defendant's van.
The order denying appellant's motion to suppress is reversed. Because the State has stipulated that it has no case if the evidence is suppressed, the cause is remanded to the trial court with directions to discharge the defendant.
REVERSED and REMANDED.
COBB, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The United States Supreme Court and the federal courts agree that police officers' use of beepers or other tracking devices, attached to vehicles or airplanes to monitor their physical travels over public highways and airspace is not a search and seizure, giving rise to possible fourth amendment violations.[1]
The movement of an airplane in the sky, like that of an automobile on a highway, is not something in which a person can claim a reasonable expectation of privacy.
729 F.2d 1514 at 1517.
Some federal courts hold that even a warrantless attachment of a tracking device does not create a fourth amendment violation, if there is probable cause to suspect the vehicle being tracked is involved in an illegal drug trafficking scheme.[2] There was clearly such evidence in this case.
Other federal courts infer there may be a fourth amendment violation if there is a warrantless intrusion into the interior of a vehicle or plane to install the device, but in each case, the courts find some reason why the intrusion is justified under the facts of *696 that particular case.[3] I can only conclude that the fourth amendment attachment theory is a rule without much substance. I agree with the writer of the Annotation in 57 A.L.R.Fed. 646 at 650 that:
To date, however, no currently viable precedent exists for the precise question of whether the act of attaching a beeper to a vehicle or aircraft is a search or seizure within the Fourth Amendment, the courts having so far been able to refuse suppression of evidence based on purported Fourth Amendment violations in the attachment of beepers to vehicles or aircraft, not on a finding that such does not constitute a "search" but rather on a finding that even should a search exist, it was justifiable under the circumstances of the particular case.
The United States Supreme Court in United States v. Knotts, 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983), expressly refused to say whether or not the fourth amendment would be violated by a warrantless placement of a tracking device in or upon a vehicle or airplane. Since under the 1982 amendment to the Florida Constitution, Article I, Section 12, Florida judges must be controlled by the decisions of the United States Supreme Court as to fourth amendment matters I do not think we should rule on this issue in this case. The United States Supreme Court has expressly refrained from ruling one way or the other on this matter and other federal courts offer a wide disparity of opinions.
In my view, this case can be affirmed on grounds similar to those employed by the eighth and ninth federal circuits. The installation of the functioning beeper in the interior of the plane was accomplished while the police were acting under a court order or warrant allowing them access to the interior of the plane to install a radar transponder. There was therefore no trespass involved in this case, although the beeper was not specifically included in the court order or warrant. I think the facts in this case are similar to those in United States v. Butts, where the warrant for the tracking device had expired by the time it was used. In Butts as well as this case, the conduct of the police was wrongful or neglectful, but in my view, neither breach involved violation of the defendant's fourth amendment rights. I would affirm.
NOTES
[1] A Transponder is an electronic device which responds to a signal from a radar station so that the radar station can locate and identify the aircraft.
[2] The defendant argues that the affidavit did not request nor did the order authorize the entry by the officers into the aircraft, but because of our conclusion here, a discussion of this issue becomes unnecessary.
[1] United States v. Knotts, 460 U.S. 276, 103 S.Ct. 108, 75 L.Ed.2d 55 (1983); United States v. Butts, 729 F.2d 1514 (5th Cir.), cert. denied, 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984); United States v. Lewis, 621 F.2d 1382 (5th Cir.1980), cert. denied, 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981); United States v. Bruneau, 594 F.2d 1190 (8th Cir.), cert. denied, 444 U.S. 847, 100 S.Ct. 94, 62 L.Ed.2d 61 (1979).
[2] See United States v. Butts, 729 F.2d 1514 (5th Cir.1984), cert. denied, 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984); United States v. Michael, 645 F.2d 252 (5th Cir.1981), cert. denied, 454 U.S. 950, 102 S.Ct. 489, 70 L.Ed.2d 257 (1981).
[3] See United States v. Strmel, 574 F. Supp. 793 (E.D.La. 1983), aff'd, 744 F.2d 1086 (5th Cir.1984) (installation of beeper in interior of trailer, justified as a "border search"); United States v. Bernard, 625 F.2d 854 (9th Cir.1980) (beeper installed in container before delivery to defendant); United States v. Lewis, 621 F.2d 1382 (5th Cir.1980), cert. denied, 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981) (beeper placed in drum before it was delivered to defendant); United States v. Bruneau, 594 F.2d 1190 (8th Cir.1979), cert. denied, 444 U.S. 847, 100 S.Ct. 94, 62 L.Ed.2d 61 (1979) (transponder put in plane before it was rented to defendant); United States v. Miroyan, 577 F.2d 489 (9th Cir.1978), cert. denied, 439 U.S. 896, 99 S.Ct. 258, 58 L.Ed.2d 243 (1978) (beeper installed with consent of owner before rented to defendant).