IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30658

Summary Calendar
_____


UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

v.

STEVEN DUANE VUTERA,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(CR-94-90A)
_____

March 25, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        This is an appeal from a jury conviction for four counts of

felony possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1).  Appellant contends that the district court erred in

denying his motion to suppress the firearm seized after the

installation and monitoring of an electronic tracking device on

the exterior of his vehicle.  Because the deputies' installation

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

and monitoring of the tracking device was based on reasonable suspicion that appellant was engaged in criminal activity, the deputies' use of the device did not violate appellant's Fourth Amendment rights. United States v. Michael, 645 F.2d 252, 257 (5th Cir.)(en banc), cert. denied, 454 U.S. 950 (1981). The firearm was discovered after a valid traffic stop when appellant admitted that he had a firearm in the interior of the vehicle. See United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir.), cert. denied, 113 S. Ct. 2427 (1993).

Appellant argues that the district court erred in granting the Government's motion in limine regarding the knowledge element of the offense. A conviction under § 922(g)(1) does not require that a defendant know his conduct violates the law; rather the defendant need only know that he possessed a firearm to have the requisite intent. United States v. Perez, 897 F.2d 751 , 754 (5th Cir.), cert. denied, 498 U.S. 865 (1990); United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988).

Appellant argues that he did not believe his possession of firearms violated the law because he believed he had been pardoned or his prior convictions had been expunged. Because appellant did not show that he received a pardon or that his prior convictions had been expunged, the district court did not

plainly err.  <u>United States v. Thomas</u>, 991 F.2d 206, 213 (5th Cir.), <u>cert. denied</u>, 114 S. Ct. 607 (1993).

Appellant argues that the district court abused its discretion in refusing to give his requested jury instruction on intent.  The district court did not abuse its discretion in refusing to give the requested jury instruction because it was not a correct statement of the law.  <u>United States v. Correa-Ventura</u>, 6 F.3d 1070, 1076 (5th Cir. 1993).

AFFIRMED.