UNITED STATES of America, Appellee,

v.

Judith JONES, Appellant.

UNITED STATES of America, Appellee,

v.

Sylvester JONES, Appellant.

Nos. 76–1536 and 76–1537.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1976.

Decided Nov. 9, 1976.

Rehearing and Rehearing En Banc
Denied Dec. 1, 1976.

Certiorari Denied Jan. 25, 1977.
See 97 S.Ct. 814.

Michael A. Forst, St. Louis, Mo., argued
and on brief for Judith Jones.

J. Martin Hadican, Clayton, Mo., argued and on brief for appellant, Sylvester Jones.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo. (argued) and Barry A. Short, U. S. Atty., St. Louis, Mo., on brief for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

LAY, Circuit Judge.

Sylvester Jones was convicted under a 14-count indictment for conspiracy to distribute heroin, distribution of heroin, use of a communications facility in furtherance of the distribution of heroin, and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846. Judith Jones, Sylvester's wife, was convicted of one count for conspiracy to distribute heroin, one count for using a communications facility in furtherance of the conspiracy to distribute heroin, and another count for using a telephone to facilitate the distribution of heroin in violation of 21 U.S.C. §§ 843(b) and 846. Sylvester Jones was sentenced to an aggregate term of 35 years imprisonment to be followed by an 11-year special parole term and fined $24,000. Judith Jones was sentenced to five years imprisonment to be followed by a three-year special parole term.

On appeal Sylvester asserts that the district court erred in refusing to suppress telephone and transmitter recordings and evidence seized under a search warrant. In addition he claims the district court committed prejudicial error in admitting testimony of an alleged accomplice concerning Sylvester's prior criminal conduct. Judith Jones complains that the district court should have severed her trial or alternatively entered a judgment of acquittal because of insufficient evidence. We affirm the judgment of conviction of Sylvester Jones on all counts. We reverse the conviction of Judith Jones and remand to the district court with instructions to enter a judgment of acquittal for lack of sufficient evidence to sustain the conviction.

I. *The Facts.*

The government's evidence revealed that on February 19, 1976 Sylvester Jones and a woman believed to be Judith Jones were followed from their home to the parking lot of the Fleetwood Auto Body Shop by federal agents. The agents saw Sylvester place a brown paper bag in the trunk of a blue Buick Electra automobile. On that same date Ronald Cannon, serving as a government informant, was searched and fitted with a body transmitter by a federal agent. Cannon then proceeded to the body shop's parking lot where he met with Sylvester and gave him $600 of government funds. Sylvester directed him to the trunk of the blue Electra. Sylvester retrieved the brown paper bag and gave it to Cannon, who returned it to a federal agent. The woman thought to be Judith Jones was not present at the transaction, but rather was 30 yards away.

On March 2, 1976 Cannon again was searched, fitted with a body transmitter and given $250 by a federal agent. Cannon was followed by federal agents to the parking lot of a drug store. There Cannon met Sylvester and gave him the $250 in exchange for a small package, which Cannon later gave to a federal agent.

On March, 5, 1976 Sylvester brought to Cannon's house a spoon of heroin to alleviate a misunderstanding concerning the March 2 transaction. Cannon gave the package to a federal agent and made arrangements with Sylvester to purchase an ounce of heroin. Later that day Cannon met with George Fields and received an ounce of heroin in exchange for $1,250. Sylvester was seen by federal agents in the general area of the transaction.

On March 17, 1976 in an attempt to purchase two ounces of heroin for $2,500, Cannon called the Jones' residence and talked with Judith Jones. In that conversation the following exchange took place:

Cannon: Hello, Judy, this is Ronnie.

Judith: Oh, I was just trying to call you. Uh, uh go over to that shop where you were.

Cannon: Shop where I was?

Judith: Uh-huh, you know that shop where you went before.

Cannon then drove to the parking lot of the body shop and met with Sylvester. Sylvester directed Cannon to look at the back rear wheel of a blue Chevrolet automobile where Cannon discovered a package.

On April 8, 1976 Cannon called Sylvester to arrange a purchase of eight ounces of heroin. Due to the large amount, Sylvester arranged a meeting. Cannon wearing a body transmitter met with Sylvester and agreed to the sale. Later that day Cannon called the Jones' residence and talked to Judith. Judith relayed this message, "Fine, *she* said she'd meet you at the pharmacy, and you-all could go to the doctor from there." When Cannon replied that he did not have a car, Judith said she would call *him* and later she called Cannon and said that *he* was already gone.

At the pharmacy, the same place where the transaction was completed on March 2, Sylvester was arrested. A search of his car revealed no narcotics. Since Sylvester was seen visiting a house at 8734 Clifton on all but one occasion just prior to selling narcotics to Cannon, a search warrant for 8734 Clifton was obtained. A search of the premises revealed seven plastic bags of heroin.

At the trial the defendants moved to suppress the telephone and transmitter recordings and the evidence seized pursuant to the search warrant for 8734 Clifton. Judith Jones, named only on three counts of the 14-count indictment, moved for a severance for fear of guilt by association. The motions to suppress and for severance were denied. After the jury's guilty verdict, the defendants moved for an arrest of the judgment or in the alternative a new trial. In support of this motion the defendants urged the reasons for their previous motions and cited the allegedly prejudicial effect of Cannon's testimony concerning Sylvester's prior criminal conduct.

II. *Sylvester's Appeal.*

■ Sylvester first contends that the telephone and body transmitter recordings were admitted into evidence in violation of his Fourth Amendment rights. The Supreme Court and this circuit have held that a defendant's Fourth Amendment rights are not violated when the defendant's conversations with a government informant are recorded with the consent of the informant. *See United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) (plurality opinion); *United States v. Kirk*, 534 F.2d 1262 (8th Cir. 1976); *United States v. Rich*, 518 F.2d 980 (8th Cir. 1975); *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). *See also Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

■ Secondly, Sylvester argues that the affidavit in support of the search warrant of 8734 Clifton was insufficient to furnish probable cause for the warrant's issuance, because it merely alleged that Sylvester Jones was seen visiting the house and that such conduct was only "innocent-seeming activity" which the Supreme Court in *Spinelli v. United States*, 393 U.S. 410, 414, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), held to be irrelevant to the determination of probable cause. We disagree.

The affidavit set forth the previous arrangement for Cannon's purchases of heroin from Sylvester and that upon all but one occasion Sylvester went to his house at 8734 Clifton before delivery of the heroin. This information was corroborated by the observations of federal agents and the telephone and body transmitter recordings.

"The affidavit need only establish the *probability* of criminal activity and secreting of evidence on specific premises, not proof beyond a reasonable doubt." *United States v. Smith*, 462 F.2d 456, 460 (8th Cir. 1972) (original emphasis). *See also United States v. Harris*, 403 U.S. 573, 584, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We find that the affidavit set forth sufficient reliable underlying facts for the issuing court to find that there was probable cause to be-

lieve that heroin was present in the house at 8734 Clifton.

■ Lastly Sylvester argues that Cannon's testimony concerning a previous heroin transaction with Sylvester, which was outside the scope of the indictment, was prejudicial.

On cross-examination Sylvester's counsel had attempted to portray Cannon as needing to "finger" somebody for his own self-preservation[1] and that he picked Sylvester Jones. On redirect the government attempted to show that it knew that Sylvester was Cannon's heroin source prior to Cannon's arrest. It was during this questioning that the previous heroin transaction was related. Viewing the testimony from this posture together with the convincing evidence of Sylvester's guilt, we conclude that the testimony did not unduly prejudice Sylvester's defense.

### III. *Judith's Appeal.*

Judith Jones was convicted of one count of conspiracy to distribute heroin, one count of using a telephone to facilitate the distribution of heroin and one count of using a telephone to facilitate a conspiracy to distribute heroin. She challenges on appeal the district court's refusal to sever her trial from Sylvester's and to dismiss for lack of sufficient evidence.

■ To convict a person for conspiracy to commit a crime it is not necessary to prove that the defendant knew all of the conspirators or was aware of all the details, but it must be shown that the person "knowingly contributed . . . efforts in furtherance of it." *United States v. Hester*, 465 F.2d 1125, 1127 (8th Cir. 1972) (quoting *Nassif v. United States*, 370 F.2d 147, 152 (8th Cir. 1966)). Knowledge is also essential for a conviction under 21 U.S.C. § 843(b).

The evidence shows that Judith *may* have on one occasion accompanied Sylvester to a meeting with Cannon.[2] This was the February 19, 1976 meeting. At this meeting the woman involved did not participate in the transaction, but was 30 yards away in the parking lot.

Other than the fact that Sylvester and Judith are married, the only other evidence allegedly linking Judith to the conspiracy are her two telephone conversations with Cannon. On March 17, 1976 in a telephone conversation, Judith directed Cannon to the body shop "where you went before." The conversation did not demonstrate that Judith had knowledge of the transaction which had previously transpired at the body shop or of one which might take place. Judith testified that she often relayed messages for her husband and that she did not participate in any drug sales.

In a telephone conversation on April 8, 1976 Judith told Cannon that an individual referred to as "she" would meet him at the pharmacy, and then the two of them would go to the "doctor." When Cannon said he did not have a car, Judith said she would call "him." Judith later called Cannon and told him that "he" was already gone. The government argues that the first statement was in code and that the subsequent calls demonstrate that Judith knew the code and that known use of a code demonstrates knowledge of the conspiracy. An equally strong inference from this evidence is that Judith was merely relating a message for her husband, which she testified she did not always understand.

■ Evidence must do more than merely raise suspicion or possibility of guilt. Surmise cannot be permitted in a criminal case. We are not persuaded that the evidence was sufficient to convince a fair minded jury beyond a reasonable doubt that Judith "knowingly" participated in the al-

---

1. Cannon was awaiting sentence after pleading guilty to possession of heroin with intent to distribute. In addition Cannon was admittedly cooperating with the government in return for the dismissal of a charge for conspiracy to distribute heroin.

2. Two government witnesses testified that they thought the woman at the February 19 meeting was Judith Jones, but Sylvester and Judith testified that it was not Judith, but a woman who greatly resembled her.

leged conspiracy or that she "knowingly" used a communications facility in furtherance of a conspiracy to distribute heroin or in furtherance of a distribution of heroin. We order vacation of her convictions. *See United States v. Kelton,* 446 F.2d 669 (8th Cir. 1971). *See also United States v. Shahane,* 517 F.2d 1173, 1177 (8th Cir.), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975); *United States v. Steinhilber,* 484 F.2d 386, 389 (8th Cir. 1973); *United States v. Jensen,* 462 F.2d 763 (8th Cir. 1972).

The judgment of conviction of Sylvester Jones in case No. 76–1537 is affirmed; the judgment of conviction of Judith Jones in case No. 76–1536 is ordered reversed and the cause is remanded with direction to enter a judgment of acquittal.