**UNITED STATES of America, Appellee,**

v.

**Patrick SCHMALTZ, Appellant.**

No. 77–1245.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 24, 1977.

Decided Sept. 19, 1977.

Certiorari Denied Nov. 14, 1977.

See 98 S.Ct. 485.

phetamine hydrochloride ("speed") in violation of 21 U.S.C. §§ 841(a)(1), 846.[1] We affirm.

Schmaltz's main contention on appeal is that there was insufficient evidence to sustain his conviction. Viewing the evidence in the light most favorable to the jury's verdict, *United States v. Scholle,* 553 F.2d 1109, 1118 (8th Cir. 1977), we conclude that the verdict was amply supported.

In reviewing a conviction for conspiracy, the threshold question is whether the existence of a conspiracy has been established. "The offense of conspiracy consists of an agreement between the conspirators to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy." *United States v. Skillman,* 442 F.2d 542, 547 (8th Cir.), *cert. denied,* 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). *Accord, United States v. Jackson,* 549 F.2d 517, 530 (8th Cir. 1977). The agreement may be established by circumstantial evidence. *United States v. Jackson, supra* at 530; *United States v. Hutchinson,* 488 F.2d 484, 490 (8th Cir. 1973), *cert. denied,* 417 U.S. 915, 94 S.Ct. 2616, 41 L.Ed.2d 219 (1974).

The evidence was more than sufficient to establish the existence of a conspiracy during the period named in the indictment. Two sales of "speed" on June 7 and June 9, 1976, were arranged by narcotics agents through Beckendorf, who purchased the drug at the Burns' residence. Burns arranged a sale of the drug from Weisser to an agent on June 15, 1976, at which time Weisser expressed knowledge of the prior transactions. On June 22, 1976, two meetings were held at the Burns' residence, where purchases of the drug by an agent, Burns and Weinhandl were discussed. Two days later, an agent met with Burns and

Irvin B. Nodland and Charles W. LaGrave, Bismarck, N. D., for appellant.

Eugene K. Anthony (former U. S. Atty.), James R. Britton, U. S. Atty., and Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., and James S. Hill, Asst. U. S. Atty., Bismarck, N. D., on brief, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Patrick Schmaltz appeals from his conviction of conspiracy to distribute dl-metham-

---

1. The indictment contained five counts. The first four counts charged Ronald Weisser and/or Ronald Burns with the distribution of dl-methamphetamine hydrochloride on various dates from June 15 through August 16, 1976. The fifth count charged Weisser, Burns, Schmaltz, Richard Weinhandl and Steven Beckendorf with conspiracy from June 7, 1976, until the date of the filing of the indictment on November 26, 1976. The substantive counts were listed as overt acts of the conspiracy. Burns and Weisser pled guilty to the substantive counts and the remaining charges against them were dismissed. Beckendorf pled guilty to the conspiracy count. Weinhandl was tried and convicted with Schmaltz.

Weisser at the Burns' residence where another transaction occurred. At that meeting, Burns stated that he and Weisser had been selling the drug for the past four months and that they were going to let things "slow down" for a couple of weeks before reintroducing any quantities into the community. Further sales were made by Weisser to a narcotics agent in July and August, 1976, during which the sale of larger quantities and the purchase of precursor chemicals by Weisser were discussed.

Once the existence of a conspiracy is established, even slight evidence connecting a defendant to the conspiracy may be sufficient proof of his involvement in the scheme. *United States v. Losing,* 560 F.2d 906, 912–913 (8th Cir. 1977); *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). We conclude that sufficient evidence existed to connect Schmaltz with the conspiracy. On August 26, 1976, two agents met with Weisser and Schmaltz to discuss the exchange of precursor chemicals for lower prices on larger quantities of "speed." An agent testified that during this meeting, Schmaltz asked whether the last sample given to the agent "was as good as the last you got." When the agent replied that it was of high purity, Schmaltz agreed and stated that the individual who supplied Weisser and himself produced a superior product based on the melting point of the substance. Schmaltz also stated that they had attempted to expand their operation into the Minneapolis area but that their acquisition cost for the chemical precluded their entry into that market. When an agent asked Weisser if he could buy a larger quantity of the drug, Schmaltz replied that they would be able to accommodate him. The acquisition of precursor chemicals from the agents and of glassware needed to set up a laboratory was also discussed. Although this conversation apparently did not result in any subsequent sale or attempt to manufacture the drug, it is highly probative of Schmaltz's alleged role in the conspiracy. *See United States v. Losing, supra* at 913. Schmaltz's denial that he made many of these statements and

his assertion that he was not present as a participant but merely to help Weisser assess the credibility of the agents were obviously rejected by the jury, and we will not disturb the jury's findings on appeal.

We also reject Schmaltz's contention that since the government did not prove that he had knowledge of the details of the prior transactions, proof of his participation in the conspiracy was insufficient. In order to convict a defendant of conspiracy, it is not necessary to prove that he knew all of the conspirators or that he was aware of all details of the conspiracy. A showing that the defendant knowingly contributed efforts in furtherance of it is sufficient. *United States v. Jones,* 545 F.2d 1112, 1115 (8th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977). That showing was made here.

Schmaltz contends that he should have been granted a new trial because, after the jury was empaneled, Beckendorf pleaded guilty to the conspiracy charge. After it was revealed in chambers that Beckendorf wished to enter a plea of guilty, Schmaltz's counsel objected to acceptance of the plea but made no motion for a mistrial. The trial court then informed the jury that the Beckendorf case "has been resolved." Although perhaps the trial court should have instructed the jury that no inference from Beckendorf's absence should be drawn, *see United States v. McCord,* 166 U.S.App.D.C. 1, 13, 509 F.2d 334, 346 n. 35 (1974) (en banc), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975), any prejudice resulting from the trial court's failure to do so was minimal in light of defense counsel's action in calling Beckendorf to the stand and examining him at length about the existence of the guilty plea and its terms. Under these circumstances, Schmaltz cannot complain.

Lastly, Schmaltz contends that his trial should have been severed from that of Weinhandl. A motion to sever is addressed to the discretion of the trial court, and denial of such a motion is not grounds for reversal unless clear prejudice and an abuse

of discretion is shown. *United States v. Jackson, supra* at 523. We find no abuse of discretion here.

We have reviewed Schmaltz's other contentions and find them to be without merit.

The judgment is affirmed.