# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2254

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | South Dakota. |
| Gabriel Parra Lopez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2006
Filed: April 17, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN, BEAM, ARNOLD, MURPHY, BYE,
RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, and BENTON,
Circuit Judges.

_____

ARNOLD, Circuit Judge.

A jury convicted Gabriel Lopez and Johnny Cervantes of conspiring to distribute and possessing with the intent to distribute more than 500 grams of methamphetamine and aiding and abetting the same, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846; 18 U.S.C. § 2. Both men appealed their convictions and sentences. After a panel of our court affirmed, *United States v. Lopez*, 414 F.3d 954 (8th Cir. 2005), we granted Mr. Lopez's motion for en banc review and vacated the

part of the panel decision addressing the sufficiency of the evidence supporting his convictions.

Having reviewed the evidence in Mr. Lopez's case, we affirm the judgment of the district court.[1] In doing so, we clarify the proper standard of review for challenges to the sufficiency of the evidence in conspiracy cases. Although we have in the past sometimes said that "slight evidence" is all that is necessary to connect an individual to a conspiracy, *see, e.g., United States v. Causor-Serrato*, 234 F.3d 384, 388 (8th Cir.2000), *cert. denied*, 532 U.S. 1072 (2001), we hold that while a defendant's role in a conspiracy may be minor, the government must offer enough evidence to prove a defendant's connection to a conspiracy beyond a reasonable doubt before a conspiracy conviction can be upheld.

## I.

Mr. Lopez and Mr. Cervantes came to the attention of a drug task force in South Dakota after police executed a search warrant and discovered methamphetamine and marijuana in the residence of one Geneva Green. Ms. Green told law enforcement officers that Mr. Cervantes and his associates periodically drove from the west coast to deliver methamphetamine to her. Ms. Green testified that Mr. Cervantes often "fronted" the drugs to her and she would later pay him with the proceeds that she made selling the drugs. Ms. Green also told police that Mr. Lopez had once driven to her residence and collected a large sum of money that she owed to Mr. Cervantes for drugs.

With Ms. Green's cooperation, the task force set up a controlled buy between Ms. Green and Mr. Cervantes on March 29, 2003. As Ms. Green wore a recording device and task force officers watched, Mr. Cervantes and Mr. Lopez arrived in an

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

SUV at a gas station that Ms. Green and Mr. Cervantes had previously agreed upon as a meeting place. After some discussion with Ms. Green, Mr. Cervantes and Mr. Lopez left the gas station in the SUV. They returned a few minutes later, and Mr. Cervantes gave Ms. Green 600 grams of methamphetamine and said that he would need the money for the drugs soon. As Mr. Lopez and Mr. Cervantes drove away, task force agents first retrieved the drugs from Ms. Green and then stopped the SUV. A trained dog alerted in a way that indicated the presence of drugs in the hood area of the SUV. Though no drugs were found there, agents discovered that the vehicle's air breather could be removed easily and was missing its air filter. Ms. Green told agents that during previous purchases she had seen Mr. Cervantes retrieve drugs from the SUV's hood area.

Mr. Lopez was charged with conspiring to distribute more than 500 grams of methamphetamine "[o]n or about between January 1, 2002, and March 26, 2003," and aiding and abetting the possession of methamphetamine with the intent to distribute it. During his trial, Mr. Lopez moved for a judgment of acquittal, which the district court denied. A jury convicted Mr. Lopez on both counts, and the district court sentenced him to 151 months in prison.

II.

Mr. Lopez contends that there was insufficient evidence to convict him on the conspiracy charge. He concedes that the government presented ample evidence of a conspiracy involving Ms. Green and Mr. Cervantes, but he contends that the government failed to prove beyond a reasonable doubt that he was a member of that conspiracy.

A.

This case gives us a chance to revisit our application of the so-called slight evidence rule. Our first relevant pronouncement on the subject was that "[w]here a conspiracy is established, but slight evidence connecting a defendant therewith may still be substantial, and if so, sufficient." *Galatas v. United States*, 80 F.2d 15, 24

(8th Cir. 1935) (citing *Tomplain v. United States*, 42 F.2d 202, 203 (5th Cir. 1930), *cert. denied*, 282 U.S. 886 (1930)), *cert. denied*, 297 U.S. 711 (1936). But we went on in that case to make clear that the government was still required to prove that connection beyond a reasonable doubt. *See id.*

As we began to apply the principles outlined in *Galatas*, we took care to ensure that a conspiracy conviction was supported by "substantial evidence tending to prove the defendant guilty ... beyond a reasonable doubt." *Marx v. United States*, 86 F.2d 245, 250 (8th Cir. 1936); *cf. Walker v. United States*, 93 F.2d 383, 392 (8th Cir. 1937), *cert. denied*, 303 U.S. 644 (1938). In one frequently cited opinion, we tried to explain how "slight evidence" of involvement in a conspiracy can nevertheless be substantial: "it is ... possible for the circumstances o[f] an individual's participation in an established conspiracy to become substantial from their weight and position in context, though in abstraction they may seem only slight." *United States v. Phelps*, 160 F.2d 858, 867-68 (8th Cir. 1947), *cert. denied*, 334 U.S. 860 (1948).

We have not, however, always been very careful in describing the applicable legal principles. Our statements have tended to migrate somewhat. Even in the years immediately following *Galatas*, there were opinions of our court that did not emphasize the proper burden of proof. *See, e.g., McDonald v. United States*, 89 F.2d 128, 138-39 (8th Cir. 1937), *cert. denied*, 301 U.S. 697 (1937). More recently, as the number of conspiracy cases on our docket multiplied, we have sometimes dispatched a challenge to a conspiracy conviction with a simple statement that slight evidence was sufficient for a conviction. *See, e.g., United States v. Schmaltz*, 562 F.2d 558, 560 (8th Cir. 1977); *United States v. Dempewolf*, 817 F.2d 1318, 1322 (8th Cir. 1987), *cert. denied*, 484 U.S. 903 (1987); *United States v. Turpin*, 920 F.2d 1377, 1384 (8th Cir. 1990), *cert. denied*, 499 U.S. 953 (1991); *United States v. J.H.H.*, 22 F.3d 821, 830 (8th Cir. 1994); *United States v. Guerrero-Cortez*, 110 F.3d 647, 651 (8th Cir. 1997), *cert. denied*, 522 U.S. 1017 (1997); *United States v. Ortiz*, 125 F.3d 630, 633 (8th Cir. 1997), *cert. denied*, 522 U.S. 1132 (1998). In some

opinions, there are statements that, if read by themselves, might suggest that the government need not prove a defendant's connection to a conspiracy beyond a reasonable doubt. For example, in *United States v. McMurray*, 34 F.3d 1405, 1412-13 (8th Cir. 1994), *cert. denied*, 513 U.S. 1179 (1995), we said that "once the existence of a conspiracy is established, slight evidence connecting a defendant to the conspiracy is sufficient to support a conviction." *See also United States v. Logan*, 49 F.3d 352, 360 (8th Cir. 1995); *United States v. Agofsky*, 20 F.3d 866, 870-71 (8th Cir. 1994), *cert. denied*, 513 U.S. 909 & 949 (1994). At other times, however, we have adverted to slight evidence in one breath and in the next noted that the government must prove all elements of the crime beyond a reasonable doubt. *See, e.g., United States v. Jiminez-Perez*, 238 F.3d 970, 973 (8th Cir. 2001).

The trouble caused by our various statements and those of some other circuits on the matter of slight evidence in conspiracy cases has been the subject of frequent and enduring criticism. *See, e.g.,* Brent E. Newton, *The Antiquated "Slight Evidence Rule" in Federal Conspiracy Cases*, 1 J. App. Prac. & Process 49 (1999); Note, *Connecting Defendants to Conspiracies*: *The Slight Evidence Rule and the Federal Courts,* 64 Va. L. Rev. 881 (1978). The essential difficulty with some of our cases is that they seem to suggest that a person may be convicted of the crime of conspiracy even when the evidence does not demonstrate, beyond a reasonable doubt, that the person was a member of a conspiracy. Such a principle is of course irreconcilable with the long-accepted burden of proof in criminal cases, *see In re Winship*, 397 U.S. 358, 361-64 (1970), and it is particularly unwarranted in conspiracy law, where the government has the ability to hold relatively small players responsible for a wide range of criminal conduct. *See United States v. Martinez de Ortiz*, 883 F.2d 515, 524 (7th Cir. 1989) (Easterbrook, J., concurring), *reh'g granted and judgment vacated on other grounds*, 897 F.2d 220 (7th Cir. 1990). In oral argument in this case, the government agreed, without reservation, that it had to prove a defendant's connection to a conspiracy beyond a reasonable doubt. The controversy here is thus one of language, not law.

Nonetheless, in case our repeated invocation of the so-called slight evidence rule has left some doubt about whether we are holding the government to its burden of proof, we now join the other circuits that have rejected it. *See United States v. Marsh*, 747 F.2d 7, 13, 13 n.3 (1st Cir. 1984); *United States v. Burgos*, 94 F.3d 849, 861-62 (4th Cir. 1996) (en banc), *cert. denied*, 519 U.S. 1151 (1997); *United States v. Malatesta*, 590 F.2d 1379, 1382 (5th Cir. 1979) (en banc), *cert. denied*, 440 U.S. 962, 444 U.S. 846 (1979); *United States v. Durrive*, 902 F.2d 1221, 1228-29 (7th Cir. 1990); *United States v. Dunn*, 564 F.2d 348, 356-57 (9th Cir. 1977); *United States v. Toler*, 144 F.3d 1423, 1427, 1427 n.5 (11th Cir. 1998). The correct legal statement is that a defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy. *See Burgos*, 94 F.3d at 861; *Dunn*, 564 F.2d at 357; *Marsh*, 747 F.2d at 13. Proof of a defendant's involvement in a conspiracy may of course be demonstrated by direct or circumstantial evidence. *United States v. Mendoza*, 421 F.3d 663, 668 (8th Cir. 2005). When reviewing the sufficiency of the evidence to support a conspiracy conviction, we will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt. *United States v. Crenshaw*, 359 F.3d 977, 987 (8th Cir. 2004) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942), *superseded on other grounds as stated in Bourjaily v. U.S.* 483 U.S. 171, 181 (1987), and *Jackson v. Virginia*, 443 U.S. 307, 313-320 (1979)).

## B.

Having determined the proper way to review Mr. Lopez's conviction, we now consider whether, viewed in a light most favorable to the government, there is sufficient evidence in the record to support a finding beyond a reasonable doubt that Mr. Lopez participated in the conspiracy with Mr. Cervantes and Ms. Green. We are confident that there is. At trial, Ms. Green testified that Mr. Lopez traveled from the west coast to her house to collect a large amount of cash (about $15,000) that she

owed Mr. Cervantes for drugs. She further testified that Mr. Cervantes frequently supplied her with methamphetamine. Although Mr. Lopez's testimony contradicted Ms. Green's, we are obliged to defer to the jury's determination of the credibility of the witnesses. *See United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005).

There was other evidence tending to connect Mr. Lopez to the conspiracy. Although the controlled buy occurred three days beyond the dates of the conspiracy laid in the indictment, the jury could nevertheless have considered the evidence relating to that buy in reaching its verdict on the conspiracy charge. The indictment charged that the conspiracy occurred "on or about" the period between January 1, 2002, and March 26, 2003, and the court instructed the jury (without objection) that the government did not have to prove the exact date of the alleged offenses, so long as it proved beyond a reasonable doubt "that the offenses were committed on date or dates reasonably near the date alleged." This is a proper statement of law. *See United States v. Turner*, 975 F.2d 490, 494 (8th Cir. 1992), *cert. denied*, 506 U.S. 1082; *United States v. Brody*, 486 F.2d 291, 292 (8th Cir. 1973) (per curiam), *cert. denied*, 417 U.S. 949 (1974); *cf. United States v. Zelinka*, 862 F.2d 92, 97-98 (6th Cir. 1988). Thus, the jury could have determined that the conspiracy actually continued to March 29.

In addition, even if the conspiracy did terminate on March 26, "[e]vidence of a conspirator's post-conspiracy activity is admissible if probative of the existence of a conspiracy or the participation of an alleged conspirator, even though [it] might have occurred after the conspiracy ended." *United States v. Stephenson*, 924 F.2d 753, 764 (8th Cir. 1991) (internal quotations and citations omitted), *cert. denied*, 502 U.S. 813 & 916 (1991). The fact that Mr. Lopez was accompanying Mr. Cervantes at a pre-arranged methamphetamine transaction a mere three days after the end of the conspiracy charged in the indictment, raises doubts about his testimony that he had no knowledge of Mr. Cervantes's drug-dealing and that he had never met or seen Ms. Green before then. Although the evidence from the controlled buy was

not admissible to demonstrate Mr. Lopez's general criminal character, the jury could have considered it for the matter of motive, intent, and absence of mistake on his part when he collected the money from Ms. Green. *See* Fed. R. Evid. 404(b).

The evidence that we have rehearsed was clearly sufficient to convince the jury beyond a reasonable doubt that Mr. Lopez was guilty of conspiring to distribute methamphetamine. We therefore affirm the conspiracy conviction.

### III.

Mr. Lopez also challenges the sufficiency of the evidence to support his conviction for possession with intent to distribute methamphetamine. Mr. Lopez was driving the SUV when it arrived at the location of the controlled buy. He accompanied Mr. Cervantes when they briefly left the gas station and returned with the methamphetamine given to Ms. Green. Although Mr. Lopez testified that he knew nothing about the methamphetamine and that he was on the way to Chicago to visit relatives on the date in question, when he and Mr. Cervantes left the gas station they were driving away from Chicago. Other witnesses contradicted some additional aspects of Mr. Lopez's testimony. He said that he had a suitcase with him for the trip, but police testified that they found no suitcase in the SUV. Mr. Lopez also testified that on the morning of March 29 he had checked out of the motel in which he was staying, but the government presented evidence that he and Mr. Cervantes had not checked out of their room that day. The jury could reasonably have rejected Mr. Lopez's testimony and determined beyond a reasonable doubt that he did, in fact, know about the methamphetamine recovered in the controlled buy. *See Kenyon*, 397 F.3d at 1076. We therefore affirm his conviction for possession with intent to distribute methamphetamine or aiding and abetting the same.

IV.

Because the evidence in this case support's the jury's verdicts, we affirm Mr. Lopez's conviction and sentence.

_____