# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2436

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Dennis Dean Smith, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2007
Filed: May 15, 2007

_____

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Dennis Dean Smith appeals his conviction and the sentence imposed after he was found guilty by a jury of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court[1] sentenced Smith to a term of life imprisonment to be followed by 10 years of supervised release. Smith raises three grounds for appeal: (1) the evidence was insufficient for a conviction; (2) his due process rights were violated because the government failed to prove his prior convictions beyond a reasonable doubt; and (3) the district court erred

_____

[1] The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

in allowing evidence of prior bad acts into the record. For the reasons explained below, we affirm.

I.

Following an investigation into suspect deliveries made through the United States Postal Service, investigators uncovered a drug conspiracy involving heroin, methamphetamine, and prescription medications. The evidence presented at trial revealed that Gary Christinson in Grinnell, Iowa, was receiving methamphetamine and heroin from and sending payments to Dolores Contreras in Glendale, Arizona, through the mail. Christinson, who testified at trial pursuant to a cooperation agreement, traded approximately half of the methamphetamine he received from Contreras to Smith in return for OxyContin and Dalaudids. Smith obtained those medications from an associate who was dying of cancer and was prescribed the medications. In turn, Smith provided methamphetamine to that associate.

In November 2004, when one of the packages sent to Christinson from Contreras was seized by the postal service and presumed stolen, Smith offered to "take care of it," implying that he would recover the methamphetamine from the thief when Christinson learned who had stolen the package. This one package contained more than 50 grams of methamphetamine, and testimony was presented that four to five earlier shipments contained comparable quantities and quality to the seized shipment. Additionally, Justin Braaksma testified that he purchased methamphetamine from Smith and, on one occasion, delivered methamphetamine to another customer for Smith.

Following the guilty verdict, the district court denied Smith's motion for a new trial and sentenced him to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), finding that Smith had three prior felony drug convictions of which the government had given notice under 21 U.S.C. § 851. This appeal followed.

II.

A.

Smith's first contention on appeal is that there was insufficient evidence presented at trial to support his conviction for conspiring to distribute in excess of 50 grams of methamphetamine. "When reviewing the sufficiency of the evidence to support a conspiracy conviction, we will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir.) (en banc), cert. denied, 127 S. Ct. 214 (2006). "A defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden." United States v. Mickelson, 378 F.3d 810, 821 (8th Cir. 2004).

In order to convict a defendant of conspiring to distribute a controlled substance, the government must prove (1) the existence of an agreement to achieve an illegal purpose, (2) the defendant's knowledge of the agreement, and (3) the defendant's knowing participation in the agreement. United States v. Johnson, 439 F.3d 947, 954 (8th Cir. 2006). The agreement does not have to be a formal, explicit agreement; a tacit understanding will suffice. Id. Moreover, "a defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." Lopez, 443 at 1030. Proof of involvement in a conspiracy may be shown by direct or circumstantial evidence. Id.

In this case, Smith contends that the government failed to meet its burden of showing that he knowingly entered into an agreement to distribute methamphetamine. He argues that the evidence at trial demonstrated nothing more than an association between himself and Christinson.

The evidence presented by the government refutes this claim. That evidence showed (1) Smith was receiving almost half of the methamphetamine that Christinson received from Contreras, (2) Smith offered to "take care of" the person who may have stolen one of the shipments, and (3) Smith was selling methamphetamine to Braaksma and had directed Braaksma to deliver methamphetamine to another person, see United States v. Romero, 150 F.3d 821, 826 (8th Cir. 1998) ("The evidence is sufficient to support a conspiracy where the drugs were purchased for resale."). To the extent Smith is challenging the credibility of the government's witnesses, we defer to the jury's credibility determinations. See United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005). Thus, we reject Smith's argument that there was insufficient evidence to support his conviction.

Further, for the same reasons, the district court did not abuse its discretion in denying Smith's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. United States v. Walker, 393 F.3d 842, 848 (8th Cir.) (standard of review), cert. denied, 126 S. Ct. 463 (2005). "The jury's verdict must be allowed to stand unless 'the evidence weighs heavily enough against the verdict [such] that a miscarriage of justice may have occurred.'" United States v. Johnson, 474 F.3d 1044, 1051 (8th Cir. 2007); see also United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (granting of new trial under Rule 33 is remedy to be used only "sparingly and with caution") (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)).

B.

Smith's next contention is that the statutory scheme, which mandates the imposition of a life sentence without requiring a jury to find that he had the requisite prior felony drug convictions, violates the Fifth and Sixth Amendments. This court has previously addressed and rejected this claim. United States v. Shepard, 462 F.3d 847, 875 (8th Cir.), cert. denied, 127 S. Ct. 838 (2006). Under section 841(b)(1)(A),

a court must impose a life sentence upon a defendant who is convicted of conspiracy to distribute 50 grams or more of methamphetamine and has two or more prior felony drug convictions. "[I]t was proper for the district court alone to make the factual determinations regarding [Smith]'s prior felonies and his sentence was mandated by statute . . . ." Id. We likewise reject Smith's contention.

## C.

Third, Smith contends that the district court abused its discretion in denying his motion for a mistrial after a witness testified about Smith's past drug use and incarceration. During the direct examination of Juaneen Forbes, the government's last witness, the government questioned Forbes about drug transactions that occurred at her house between Christinson and Smith. After discussing the first transaction, the following colloquy occurred between Forbes and the United States Attorney:

Q:     And then what's the next time?
A:     It was probably within the same week. I only met – met Gary with – It was, like, within a two-week period, maybe a three-week period, so it was within the next week.
Q:     And what happened that time?
A:     At that point, it was discussed that Dean had recently gotten out of prison and he was clean. We were – he was looking for a job, and we had discussed – You know, Dean had a past with drugs, and so did I, and we had just discussed the fact that he didn't have any money and, you know, things were getting tough, not being able to pay his bills.

(Trial Tr. vol. 2, 336-37, December 13, 2005.)

Smith's counsel moved for a mistrial, arguing the evidence was inadmissable and prejudicial to Smith. In response, the government argued that the testimony in

question was not responsive to the question asked and that there was other evidence, including a letter introduced by Smith, from which the jury could conclude that Smith was incarcerated and had previously been in a halfway house with Christinson. After hearing arguments, the court denied the motion for a mistrial and offered to issue a curative instruction to the jury at Smith's request. Smith did not request such an instruction.

On appeal, Smith argues the district court abused its discretion in denying his motion for a mistrial because of the prejudicial effect of the evidence. The government contends that, while inadmissible, the evidence was inadvertent and did not lead to unfair prejudice because Christinson had earlier testified to meeting Smith at a halfway house, the case against Smith was strong, and the requested cure, a mistrial, was not justified.

We review a denial of a motion for mistrial for abuse of discretion. United States v. Katz, 445 F.3d 1023, 1034 (8th Cir.), cert. denied, 127 S. Ct. 421 (2006). "The prejudicial effect of any improper testimony is determined by examining the context of the error and the strength of the evidence of the defendant's guilt." United States v. Hollins, 432 F.3d 809, 812 (8th Cir. 2005).

In consideration of the significant evidence presented at trial against Smith and the other evidence of Smith's prior incarceration which was not objected to by the defendant, this single, non-responsive statement by witness Forbes did not mandate a mistrial. United States v. Cole, 380 F.3d 422, 427 (8th Cir. 2004) ("In the face of the strong evidence and wide array of testimony against Cole, one objectionable statement by a prosecution witness was not sufficient to create prejudicial error."). Furthermore, we note that the district court offered to give a curative instruction to the jury, which Smith declined. United States v. Flores, 73 F.3d 826, 831 (8th Cir.) ("[W]e have observed that measures less drastic than declaring a mistrial, for instance giving the jury a curative instruction, ordinarily alleviate any prejudice flowing from

improper testimony. . . . Because such an instruction would ordinarily be sufficient to cure the alleged prejudice, [defendant's] position at trial of a mistrial-or-nothing precludes us from finding in his favor on this issue."), cert. denied, 518 U.S. 1027 (1996). Here, the district court did not abuse its discretion in denying the motion for a mistrial.

## III.

Accordingly, we affirm Smith's conviction and sentence.

_____