# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2050

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Olivia Acosta-Delgado, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

———————

Submitted: December 9, 2008
Filed: December 15, 2008

———————

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

———————

PER CURIAM.

Olivia Acosta-Delgado was convicted by a jury of 1) unlawful possession of an identification document with intent to defraud the United States, 18 U.S.C. § 1028(a)(4) [Count I], 2) unlawful purchase and sale of a social security card, 42 U.S.C. § 408(a)(7)(A) [Count II], 3) aggravated identity theft, 18 U.S.C. § 1028(a)(1) [Count III], and 4) conspiracy to a) unlawfully possess an identification document with intent to defraud the United States, b) unlawfully buy and sell social security cards, and c) possess unlawfully obtained documents prescribed by statute or regulation for entry into or as evidence of authorized stay in the United States or employment, 18 U.S.C. §§ 371, 1028(a)(4),  1546, and 42 U.S.C. § 408(a)(7)(C)

[Count IV].  The district court[1] sentenced Acosta-Delgado within the applicable advisory U.S. Sentencing Guidelines (U.S.S.G.) ranges on Counts I, II, and IV, and imposed a mandatory minimum 24-month sentence on Count III.  Acosta-Delgado appeals her convictions and sentences, arguing 1) sufficiency of the evidence, 2) the district court's application of the U.S.S.G. violated the Fifth Amendment, and 3) the sentence is unreasonable.  We affirm.

At trial, a cooperating informant testified he met Acosta-Delgado in a hotel parking lot in Toledo, Iowa, on two occasions and paid her for an unlawfully obtained birth certificate and social security card.  The witness identified Acosta-Delgado as the person from whom he obtained the documents.  Mike Fischels, a Special Agent with U.S. Immigration and Customs Enforcement testified he observed the transaction and positively identified Acosta-Delgado.  Additionally, Agent Fischels testified he interviewed Acosta-Delgado and she admitted being the person who sold the documents to the informant in the parking lot.

Acosta-Delgado testified at trial and denied being present at the transaction.  She claimed her companion, Celia Pizano-Mendoza, to whom she bore a resemblance, delivered the documents.  On appeal, she contends the informant had a difficult time identifying her at trial, and Agent Fischels was only present at the first meeting.  She argues no reasonable jury could conclude, based on this evidence, she was the person observed at the transaction.

We review sufficiency of the evidence de novo, and "will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt."  United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir.)

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

(en banc), <u>cert. denied</u>, __ U.S. __ , 127 S. Ct. 214 (2006). Questions of witness credibility are the province of the jury and are "virtually unreviewable on appeal," <u>United States v. Candie</u>, 974 F.2d 61, 64 (8th Cir. 1992).

Acosta-Delgado's sole argument attacking her convictions is the alleged infirmity of the eyewitness identifications. Despite her denials at trial, the jury chose to credit the witnesses' testimony. She offers nothing to suggest the testimony was otherwise incredible or unworthy of belief, and thus, we will not disturb the jury's findings.

Acosta-Delgado next argues the district court violated her right to due process under the Fifth Amendment when it found by a preponderance of the evidence she obstructed justice and applied U.S.S.G. § 3C1.1. This argument, having previously been rejected by this court, is without merit. <u>See</u> <u>United States v. Negrete</u>, 537 F.3d 918, 921-22 (8th Cir. 2008).

Finally, Acosta-Delgado argues the district court's sentence was unreasonable in light of 18 U.S.C. § 3553(a) and the parsimony doctrine, which provides that the sentence imposed should be the least severe sanction necessary to achieve the purpose of sentencing.

The record shows the district court carefully considered all relevant sentencing factors and did not abuse its discretion in sentencing Acosta-Delgado within the advisory Guidelines range. <u>See</u> <u>Rita v. United States</u>, __ U.S. __ , 127 S. Ct. 2456, 2462 (2007) (holding presumption of reasonableness applies to sentence imposed within advisory Guidelines range); <u>United States v. Garlewicz</u>, 493 F.3d 933, 938 (8th Cir. 2007) (same); <u>United States v. Long Soldier</u>, 431 F.3d 1120, 1123 (8th Cir. 2005) (holding reasonableness of sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate

factors but commits clear error of judgment); <u>see also</u> <u>United States v. Turbides-Leonardo</u>, 468 F.3d 34, 41 (1st Cir. 2006) ("It will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle."), <u>cert. denied</u>, __U.S. __ , 127 S. Ct. 3064 (2007).

      The judgment of the district court is affirmed.

_____