# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-2716

———————————————

United States of America

*Plaintiff - Appellee*

v.

Shawn Jones

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

——————————

Submitted: April 10, 2013
Modified: August 13, 2020
Filed: August 13, 2020
[Unpublished]

——————————

Before RILEY, Chief Judge, BYE and BENTON[1], Circuit Judges.

——————————

PER CURIAM.

————————————

[1]This matter was originally submitted to a three-judge panel. The opinion is modified and, pursuant to the provisions of 8th Cir. R. 47E, the revised opinion is submitted by Judge Benton and Judge Kobes.

Shawn Jones appeals the sufficiency of the evidence to support his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) and the district court's[2] admission of an allegedly suggestive photographic lineup at trial. We affirm.

I

In 2009, law enforcement officers conducted two controlled purchases of methamphetamine from an unnamed conspirator at his residence in Clear Lake, Iowa. After the second purchase, officers executed a search warrant and seized three pounds of methamphetamine and several thousand dollars from the unnamed conspirator's residence. Following his arrest, the unnamed conspirator implicated Shawn Jones, among others, in a conspiracy to distribute methamphetamine from Mexico to Iowa, by way of California.

The unnamed conspirator then participated in a controlled investigation involving numerous recorded phone calls between the named co-conspirators. During their conversations, the co-conspirators discussed past drug transactions, drug debts owed, and plans for future drug transactions. Jones made several references to the unnamed conspirator's need to "settle-up" or "square up," regarding their outstanding drug debt.

In November of 2009, the unnamed conspirator and the named co-conspirators arranged for the transport of several pounds of methamphetamine over three trips from Mexico to California to Iowa. In the first transaction, Jones delivered one pound of methamphetamine to the unnamed conspirator in exchange for $18,000. In the second, Jones delivered three pounds of methamphetamine to the unnamed conspirator

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

in exchange for $54,000. The unnamed conspirator 's cellular phone bill documented calls between the unnamed conspirator and Jones on and around the dates of the two transactions. In December of 2009, the unnamed conspirator and Jones participated in a third transaction in which Jones assisted a co-conspirator in transporting and delivering about one pound of methamphetamine from California to Iowa in exchange for $18,000.

During the first transaction in November, the unnamed conspirator and Jones visited a muffler shop owned by the unnamed conspirator's friend to replace the battery in Jones's car. Prior to trial, an agent presented the owner with a photographic lineup and asked him to identify the person he had seen with the unnamed conspirator on that day. The owner selected Jones's picture and said he was not certain that was the person with the unnamed conspirator , but the photo "looked like a clean-cut guy like [the unnamed conspirator] would hang around with." At trial, the district court admitted the lineup into evidence. The agent testifying regarding the lineup explained it had been generated by a computer program based on the owner's recollection of the November meeting.

At trial, the government also introduced the testimony of James Olson, another co-conspirator. Olson testified he had met Jones in California and later met the other co-conspirators through Jones. Together, they had made an agreement to transport one pound of methamphetamine to the unnamed conspirator . Olson, assisted by Jones, had received one pound of methamphetamine at the United States/Mexico border and driven to Iowa with the drugs hidden in the vehicle. Olson testified that Jones had assisted in hiding the drugs within the vehicle, repackaging the drugs with a disinfectant cleaner and vacuum sealed plastic, and advising Olson regarding routes and procedures to avoid detection by law enforcement. Once Olson had delivered the drugs to the unnamed conspirator , Olson returned to California with $18,000, which he and Jones then delivered to a co-conspirator in Mexico. Olson also testified as to

a second, similar transaction involving the unnamed conspirator and Jones and the movement of one pound of methamphetamine from the United States/Mexico border.

A jury convicted Jones of conspiracy to distribute 500 grams or more of a mixture or substance containing 50 grams or more of actual methamphetamine. The district court sentenced Jones to 360 months of imprisonment and 10 years of supervised release. Jones now appeals, challenging the sufficiency of the evidence against him and the admission of the photo lineup at trial.

II

Jones first challenges the district court's admission of evidence regarding the photographic lineup. The admissibility of a pretrial identification is reviewed de novo using a two-part test. United States v. Donelson, 450 F.3d 768, 772 (8th Cir. 2006). First, we determine whether the identification procedure used was "impermissibly suggestive." Id. (quoting United States v. Williams, 340 F.3d 563, 567 (8th Cir. 2003)). If so, we examine whether, under the totality of the circumstances, the suggestive procedure created a very substantial likelihood of irreparable misidentification. Id. at 773 (internal quotation and citation omitted). Prior to trial, Jones sought to exclude evidence of the photo lineup, arguing he had been the most clean-cut individual pictured and the owner 's identification had been based not on his memory of the individual in question, but on his idea of someone with whom the unnamed conspirator  might associate. Jones renews these arguments on appeal.

The district court found Jones had suffered no due process violation with respect to the photo lineup and denied Jones's request to exclude evidence thereof at trial. First, it found the government had engaged in no impermissible conduct with regard to the photo array. See Perry v. New Hampshire, 132 S.Ct. 716, 728 (2012) ("The fallibility of eyewitness evidence does not, without the taint of improper state conduct, warrant a due process rule requiring a trial court to screen such evidence for

reliability before allowing the jury to assess its creditworthiness."). Second, the district court examined the photos used in the lineup and determined, contrary to Jones's argument, that Jones was not the only clean-cut individual pictured. Finally, with respect to the owner's statement about the kind of person he expected the unnamed conspirator to "hang around with," the court emphasized Jones's opportunity to cross-examine the owner on the stand, before the jury.

We agree with the district court. Each photograph depicts a Caucasian man with short hair, light eyes (with the exception of one photograph), and facial hair. While the men exhibit different lengths and styles of facial hair, these variations do not indicate the lineup was "impermissibly suggestive." See Schawitsch v. Burt, 491 F.3d 798, 803 (8th Cir. 2007) ("Reasonable variations in hair length and facial hair are not impermissibly suggestive, especially as they can vary on any given person at different times."). Moreover, Jones was afforded an opportunity to attack the credibility of the owner 's identification at trial. "Once a pretrial identification has been admitted . . . it is for the jury to weigh it against countervailing evidence." Donelson, 450 F.3d at 773. Jones's motion to suppress the evidence of the photo lineup was properly denied.

Jones next argues there is insufficient evidence to support his conviction for conspiracy to distribute methamphetamine. We review questions of sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict. United States v. Moe, 536 F.3d 825, 832 (8th Cir. 2008). "When reviewing the sufficiency of the evidence to support a conspiracy conviction, we will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc).

To convict Jones of conspiracy to distribute methamphetamine, the government had to prove (1) Jones and at least one other person reached an agreement to distribute methamphetamine, (2) Jones voluntarily and intentionally joined the agreement, and (3) at the time he joined the agreement, Jones knew its essential purpose. United States v. Harris, 493 F.3d 928, 931 (8th Cir. 2007). Jones argues that apart from the witness testimony offered at trial, the government's corroborating evidence does not support his conviction. Specifically, he notes the unnamed conspirator's phone bill documents only calls to Jones, with none from Jones. In addition, Jones suggests his responses to the unnamed conspirator during their documented conversations are "at best ambiguous in relation to drug activity." Finally, he contends both the unnamed conspirator and Olson had an incentive to fabricate their testimony in exchange for reductions in sentence through "substantial assistance" to the government.

Jones's arguments are unavailing. Two co-conspirators testified regarding their direct communication and involvement with Jones in the trafficking of methamphetamine from Mexico through California to Iowa. Between the two witnesses, five pounds of methamphetamine can be traced to Jones. The credibility of those witnesses in light of any deals struck with the government was an issue presented to the jury and one we should not disturb on appeal. See United States v. Jefferson, 652 F.3d 927, 930 (8th Cir. 2011) (noting a "jury's credibility determinations are virtually unreviewable on appeal" (internal quotation marks and citation omitted)). As to the government's alleged lack of corroborating evidence, we have previously held a jury verdict may be based solely on the testimony of cooperating witnesses. United States v. Smith, 632 F.3d 1043, 1046 (8th Cir. 2011). Accordingly, we conclude the evidence was sufficient to support the jury's finding that Jones participated in a conspiracy to distribute methamphetamine.

The judgment of the district court is affirmed.

_____

-6-