590 F.2d 1379
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel "Danny Blue Eyes", "Billie Blue Eyes" MALATESTA,
Jacquelin "Jacquelin Champlin" "Jacquelin Didonna"
"Jacquelin Dodaro" "Jackie Champion", Victor Dodaro, Alias
"Victor Didonna", Angelo J. Bertolotti, and Vincent Lynch,
Alias "Vinnie" "Jack", Defendants-Appellants.
 No. 77-5032.
 United States Court of Appeals,
Fifth Circuit.
 March 12, 1979.
Certiorari Denied March 19, 1979.
See 99 S.Ct. 1508.
 
 Michael Brodsky, Miami, Fla., for Malatesta.
 Bernard S. Yedlin, Miami, Fla. (Court-appointed), for Victor Dodaro.
 Michael J. Doddo, Miami, Fla. (Court-appointed), for Jacquelin Champlin Dodaro.
 Murray M. Silver, Atlanta, Ga., for Bertolotti.
 Alan E. Weinstein, Miami Beach, Fla. (Court-appointed), for Lynch.
 Jack V. Eskenazi, U. S. Atty., Miami, Fla., John F. Evans, Sp. Atty., U. S. Dept. of Justice, Miami, Fla., Paul J. Brysh, T. George Gilinsky, Sydney M. Glazer, Attys., App. Section, Crim. Div., Washington, D. C., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before BROWN, Chief Judge, and COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.
 COLEMAN, Circuit Judge.
 
 
 1
 The panel opinion in this case is reported, United States v. Malatesta, 5 Cir. 1978, 583 F.2d 748.
 
 
 2
 During the course of that opinion it was written:
 
 
 3
 However, once the existence of a conspiracy and the defendant's participation in it are both established, slight evidence of the defendant's knowledge of the scheme may be sufficient to sustain the jury's finding that he or she was a member. E. g., United States v. Evans, 5 Cir. 1978, 572 F.2d 455, 469; United States v. Trevino, 5 Cir. 1977, 556 F.2d 1265, 1268; United States v. Barnard, 5 Cir. 1977, 553 F.2d 389, 393; United States v. Alvarez, 5 Cir. 1977, 548 F.2d 542, 544. See United States v. Dunn, 9 Cir. 1977, 564 F.2d 348, 357 n. 21.
 
 
 4
 583 F.2d at 756.
 
 
 5
 A member of the panel wrote a concurring opinion, 583 F.2d 760-765, reciting the history and the development in this Circuit of the "slight evidence rule" in conspiracy cases. Another member of the panel concurred in the view there expressed that when the sufficiency of the evidence to connect a particular defendant to a conspiracy is challenged on appeal Substantial evidence should be the test rather than the "slight evidence" discussed at length in the concurring opinion.
 
 
 6
 On the motion of a Judge of this Court, rehearing was granted to permit En banc re-evaluation of the use of the "slight evidence rule" in conspiracy cases as it has been done in this Circuit since Bradford v. United States, 5 Cir. 1969, 413 F.2d 467.
 
 
 7
 We begin with the premise that to be convicted of an unlawful conspiracy a defendant must have knowledge of the conspiracy and must intend to join, or associate himself with the objectives of, the conspiracy. Moreover, " conspiracy to commit a particular substantive offense cannot exist without At least that degree of criminal intent necessary for the substantive offense itself", Ingram v. United States, 360 U.S. 672, 678, 79 S.Ct. 1314, 1319, 3 L.Ed.2d 1503 (1959).
 
 
 8
 Since knowledge, actual participation, and criminal intent are the necessary elements of the crime of conspiracy, the government must, of course, prove each of those elements beyond a reasonable doubt, Patterson v. New York,432 U.S. 197, 204-216, 97 S.Ct. 2319, 2324-30, 53 L.Ed.2d 281 (1977); Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); United States v. Salinas-Salinas, 5 Cir. 1977, 555 F.2d 470, 473.
 
 
 9
 That being so, the jury in a criminal conspiracy trial must be so instructed, United States v. Brasseaux, 5 Cir. 1975, 509 F.2d 157; United States v. Marionneaux, 5 Cir. 1975, 514 F.2d 1244; United States v. Hall, 5 Cir. 1976, 525 F.2d 1254. In these cases we condemned the giving of a " slight evidence" instruction to a jury in a criminal conspiracy trial.
 
 
 10
 It must be said, however, that participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a "development and a collocation of circumstances", Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).
 
 
 11
 With these observations we now consider such oft repeated assertions as that, given the existence of a conspiracy and participation in it, "slight evidence of the defendant's knowledge of the scheme may be sufficient to sustain the jury's finding that he or she was a member", or words to that effect.
 
 
 12
 Nearly forty years ago, in Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942) the Supreme Court said that the verdict of a jury is to be sustained "if there is Substantial evidence, taking the view most favorable to the government, to support it" (emphasis added).
 
 The general rule of application is that
 
 13
 "(t)he verdict of a jury must be sustained if there is Substantial evidence, taking the view most favorable to the Government to support it" (emphasis added).
 
 
 14
 Hamling v. United States, 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974).
 
 
 15
 (A) federal court's role in deciding whether a case should be considered by the jury is quite limited. Even the trial court, which has heard the testimony of witnesses first-hand, is not to weigh the evidence or assess the credibility of witnesses when it judges the merits of a motion for acquittal. . . . The prevailing rule has long been that a district judge is to submit a case to the jury if the evidence and inferences therefrom most favorable to the prosecution would warrant the jury finding the defendant guilty beyond a reasonable doubt. . . . Obviously a federal appellate court applies no higher a standard, rather it must sustain the verdict if there is Substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision. (emphasis added) (citations omitted).
 
 
 16
 Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).
 
 
 17
 We are convinced that when the sufficiency of the evidence to support any criminal conviction, including conspiracies, is challenged on appeal the correct standard of review is Substantial evidence, it being understood, of course, that the evidence is to be viewed in the light most favorable to the government.
 
 
 18
 The "slight evidence" rule as used and applied on appeal in conspiracy cases since 1969 should not have been allowed to worm its way into the jurisprudence of the Fifth Circuit. It is accordingly Banished as to all appeals hereafter to be decided by this Court.[1]
 
 Conclusion
 
 19
 We have reviewed the evidence as to the connection of the appellants, Dodaro and Bertolotti, with the conspiracy charged in this case. See, 583 F.2d at 756-757 (panel opinion). We are of the view that there was substantial evidence of that connection and that the verdict of the jury should stand. Except as to the "slight evidence" rule, as herein discussed, we agree with the panel opinion.
 
 
 20
 The judgment of the District Court is, as to each and every appellant,
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 In the concurring panel opinion, 583 F.2d at 760, the origin of the "slight evidence" rule was traced to Tomplain v. United States, 5 Cir., 1930, 42 F.2d 202, Cert. denied, 282 U.S. 886, 51 S.Ct. 90, 75 L.Ed. 781
 From 1930, when the Tomplain court introduced the slight evidence rule, until 1963, only 12 reported federal cases at the circuit level cited it, and fewer than 15 did so from 1963 to 1970. Since 1970, however, use of the rule has increased dramatically. Federal courts of appeals applied the rule 5 times in 1971, 6 in 1972, and 9 in 1973. At least 15 cases per year since then have referred to it. In 1977, at least 36 federal cases cited the rule at the circuit level. The United States Courts of Appeals for the Fifth and the Ninth Circuits have used the rule most frequently. For example, in cases reported from January 1, 1977, through September 1, 1978, the Fifth Circuit invoked the rule 28 times, and the Ninth Circuit applied it in 19 cases.
 Connecting Defendants to Conspiracies: The Slight Evidence Rule and the Federal Courts
 Virginia Law Review, 64:881 (1978)