977 F.2d 538
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oswald O'Brien CLAVIS, Ivan Frederick Edwards, Orin Terry
Greene, Henry Louis Ismond, Winston Daniel Frazer,
Ronald Reginald Phillips, Colin Andrew
Grant, John Kirkland,
Defendants-Appellants.
 No. 89-9011.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 13, 1992.
 
 Alan Baverman, Atlanta, Ga., for Clavis.
 Thomas E. Spraley, Atlanta, Ga., for Edwards.
 Jake Waldrop, Federal Defender Program, Atlanta, Ga., for Greene.
 Robert L. Barr, Jr., U.S. Atty., H. Allen Moye, Asst. U.S. Atty., Atlanta, Ga., for U.S.
 Michael J. Trost, Atlanta, Ga., for Kirkland.
 Thomas R. Moran, Atlanta, Ga. (Court-appointed), for Grant.
 L. David Wolfe, Atlanta, Ga. (Court-appointed), for Phillips.
 Frederick E. Link, Hartness and Link, Gainesville, Ga., for Ismond and Frazer.
 Appeal from the United States District Court for the Northern District of Georgia.
 ON PETITION(S) FOR REHEARING AND SUGGESTION(S) OF REHEARING EN BANC
 (Opinion March 31, 1992, 11th Cir.1992, 956 F.2d 1079)
 Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The court has considered the petitions for rehearing and suggestions for rehearing en banc filed by Clavis, Kirkland (John Doe # 2), Ronald Phillips, and Greene (John Doe # 1).
 
 
 2
 The petitioners are correct that we should not have analyzed the sufficiency of the evidence of conspiracy under Count One by applying the holding of U.S. v. Orr, 825 F.2d 1537, 1543 (11th Cir.1987), to the effect that once the existence of a conspiracy is established only slight evidence is necessary to connect a particular defendant to the conspiracy. The "slight evidence" standard set out in Orr was inconsistent with the earlier en banc decision, binding on this court, of the Fifth Circuit in U.S. v. Malatesta, 590 F.2d 1379 (5th Cir.) (en banc), cert. denied, 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777, & 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), and with several Eleventh Circuit decisions that we discuss below. The references in our opinion to Orr and its "slight evidence" standard are, therefore, withdrawn.
 
 
 3
 The Eleventh Circuit has not, however, been uniform in stating the governing standard post-Malatesta. In February 1982 in U.S. v. Bulman, 667 F.2d 1374, 1377 (11th Cir.) cert. denied, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982), we described the general standard of review for sufficiency of the evidence and referred to the Malatesta standard as an elaboration in the particular context of conspiracy convictions.
 
 
 4
 Our general standard of review concerning the sufficiency of the evidence is to determine whether, looking at the evidence in the light most favorable to the government, the jury necessarily must have entertained a reasonable doubt concerning the guilt of an appellant. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); United States v. Miller, 664 F.2d 826, 828 (11th Cir.1981). The former Fifth Circuit has elaborated on that standard in the particular context of conspiracy convictions, noting that we must find "substantial evidence" connecting an appellant to a conspiracy, United States v. Malatesta, 590 F.2d 1379, 1381 (5th Cir.) (en banc), cert. denied sub nom. United States v. Bertolotti, 440 U.S. 962, [99 S.Ct. 1508, 59 L.Ed.2d 777] & 444 U.S. 846 [100 S.Ct. 91, 62 L.Ed.2d 59] (1979).
 
 
 5
 Id. at 1377 (footnote omitted). Four months later, in U.S. v. Gianni, 678 F.2d 956, 959 (11th Cir.) cert. denied, 459 U.S. 1071, 103 S.Ct. 491; 74 L.Ed.2d 633 (1982), a conspiracy case, we referred to the "reasonably minded jury" test. In 1986, in U.S. v. De Parias, 805 F.2d 1447, 1450 (11th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3189, 96 L.Ed.2d 678 (1987), an appeal from a conviction for extortion and conspiracy to extort, we used the "substantial evidence" articulation in reviewing the sufficiency of the evidence of effect on interstate commerce. In 1990, in U.S. v. Nixon, 918 F.2d 895, 906 (11th Cir.1990), a conspiracy case, the court quoted from Malatesta and used the "substantial evidence" test.
 
 
 6
 In this decision by a panel we need not try to synthesize these articulations or to determine whether they are different and which one, if any one, is preferable. Under both "substantial evidence" and "reasonably minded jury" standards the evidence is clearly sufficient with respect to Clavis, Kirkland and Ronald Phillips.
 
 
 7
 Greene's conspiracy conviction is a closer case, and we therefore directed the government to file a responsive brief with respect to the sufficiency of the evidence of his connection with the conspiracy. We have carefully reviewed the evidence set out in our opinion at 956 F.2d at 1085-86, and we hold that it meets both the "substantial evidence" and the "reasonably minded jury" statements of the applicable standard. In reaching this conclusion we have considered as a factor Greene's presence at the apartment, which the evidence showed was one of the sites for the conspiracy. We have also considered Greene's false statements concerning his identity made following his arrest. Those statements had sufficient nexus with the conspiracy to be positive evidence of Greene's participation in the conspiracy. Other evidence tending to connect these statements with the conspiracy included evidence that Druses, the leader of the conspiracy, brought into the United States aliens from Caribbean Basin countries to participate. Greene identified himself as a citizen of Guyana, a country on the northeast tip of South America. Conspirators Grant and Edwards were aliens who falsely attempted to claim U.S. citizenship. Druses had bought airplane tickets for Edwards, who evidence tended to show had lived in the apartment where Greene was arrested, and for unindicted co-conspirator Hinds, who was present in the apartment when Greene was arrested. The apartment had been rented by Druses' wife. Summarizing, the statements of false identity made by Greene were more than mere concealment of true identity by an alien illegally in the United States; they were connected with elements of the conspiracy itself.
 
 
 8
 In our decision we held that the evidence was insufficient to support the conviction of Greene, under Count Nineteen, for possession of cocaine base hidden in the apartment where he was arrested. 956 F.2d at 1089-90. In reaching that conclusion, which the government has not questioned, we held that Greene's false statements concerning his identity were not sufficiently connected to the elements of possession of the cocaine to be substantive evidence that he possessed it. That conclusion is not inconsistent with the decision we now reach that there is sufficient nexus between his false statements of identity and the Count One conspiracy to permit those false statements to be evidence of his participation in the conspiracy, a decision reached following a much broader inquiry than the inquiry into the fact of possession.
 
 
 9
 The petitions for rehearing by Clavis, Kirkland (John Doe # 2), Ronald Phillips, and Greene (John Doe # 1) are GRANTED to the extent that we withdraw reference to and reliance upon U.S. v. Orr, 825 F.2d 1537 (11th Cir.1987). In all other respects the petitions are DENIED. No member of this panel nor other Judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestions of Rehearing En Banc filed by the above-named petitioners are DENIED.